## 45521. LANGLEY v. THE STATE.
(368 SE2d 316)

MARSHALL, Chief Justice.

The appellant, Dennis Mark Langley, was indicted for the malice murder of Richard Eugene Mayne, together with William Lewis Thompson and Diane Irwin Mayne, the victim's ex-wife. Thompson pleaded guilty to conspiracy to commit murder. Diane Mayne and Langley were tried jointly and convicted of malice murder. We affirmed Mayne's conviction on direct appeal. *Mayne v. State*, 258 Ga. 36 (365 SE2d 270) (1988). Langley appeals his conviction with a life sentence.[1] We affirm.

Diane had child custody; the victim had visitation rights. Diane had been found in contempt three times for interference with the victim's visitation rights, and had been told that the victim would be given custody of their child should she fail to cooperate again. She did not want the victim to have visitation rights, because she believed that he was not a good father. Accordingly, she borrowed $5,000, ostensibly as a home-improvement loan, and paid James Mills a $2,500 down payment to find her someone to kill her ex-husband. When Mills did not act, she gave Thompson $500 as a down payment to have her ex-husband killed. Two weeks later, Diane requested this money back, indicating that someone else had been contacted for that purpose. That same day, Thompson and appellant Langley discussed with each other their relationship with Diane and the victim. Shortly before the homicide, two suspicious, intoxicated males ostensibly seeking water were turned away by the victim at his garage apartment. Thereafter, an automobile fitting the description of the appellant's wife, containing three persons, was seen driving around the victim's block 10-15 times. A male exited the car, a "big noise" was heard, and the male returned to the car, which drove away. The victim was killed by a gunshot wound to the head, by either a .38- or .357-caliber weapon. A week after the homicide, Diane told witness Mills that "someone by the name of Mark had did [sic] the job for her." During the trial, she testified that a deposit of $1,100 had been given to Mark, and that $1,400 additional money was needed to complete the payment. At the Fairburn Police Department, Diane initiated a conversation with a civilian radio operator, Kimberly Peavy, in which she stated, "I had it done," and "I did not pull the trigger, . . . but I had [the victim] killed."

1. The appellant first contends that there were two violations of

---

[1] The crime occurred on August 14, 1986. The appellant was convicted and sentenced on February 2, 1987. The transcript was filed in the trial court on September 22, 1987. Notice of appeal was filed on February 12, 1988. The appeal was docketed in this Court on March 1, 1988, and submitted for decision on April 15, 1988.

*Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), i.e., Mills' testimony that Diane told him, after the homicide, that "someone named Mark" committed the crime, and the police radio operator's testimony that Diane had identified Thompson as one who had helped with her husband, etc. Mills' testimony was admissible because, as we held in *Mayne v. State*, supra, he was a co-conspirator, and the statement was made during the concealment phase of the conspiracy. See *Harris v. State*, 255 Ga. 500 (2) (340 SE2d 4) (1986) and cits. The radio operator's testimony was admissible because it made no reference whatever to the appellant, and hence did not implicate him in a *Bruton* sense.

2. The appellant next contends that the trial court abused its discretion in denying his motion for severance. The two co-defendants had one scheme and plan; they were jointly tried for the same single offense: murder; and all acts of the conspirators were part of this "common scheme or plan." Under these circumstances, the joint trial was proper. *Padgett v. State*, 239 Ga. 556 (238 SE2d 92) (1977). The mere fact that the evidence against one conspirator was stronger than the evidence against the other conspirator was no reason to grant a severance. *Kelley v. State*, 248 Ga. 133 (3) (281 SE2d 589) (1981). Nor were there *Bruton* violations, as alleged. Div. 1, ante.

3. Finally, the appellant contends that there was prosecutorial misconduct rendering the trial fundamentally unfair, in that the district attorney allegedly violated his stated intention — made at a pretrial hearing on the appellant's motion to suppress the admission in evidence of a telephone bill seized from the appellant's home on the ground that it was seized during an unlawful search for a weapon — not to use the bill. However, the record shows that the state did not introduce the telephone bill itself, but rather the official business record from the telephone company through the testimony of its agent.

4. There was sufficient evidence for a rational trier of facts to find the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 26, 1988.

*Mitchell Rodriguez*, for appellant.

*Lewis R. Slaton, District Attorney, R. Andrew Weathers, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General*, for appellee.