A93A0031. BOWENS v. THE STATE.
(433 SE2d 102)

ANDREWS, Judge.

Bowens was convicted of distributing cocaine in violation of OCGA § 16-13-30 and appeals.

Detective J. K. Taylor testified at trial that on January 22, 1992, he and undercover detective Skinner told Bowens that they were looking for some "rocks," street parlance for crack cocaine. Skinner negotiated a price of $80 for the drug. Bowens said that he would be right back; he left the area and returned three to four minutes later. When Bowens returned he asked Taylor if he was a cop, and Taylor said no. Bowens then handed Taylor four "rocks," which Taylor showed to Skinner and then put in his pocket. Taylor testified that Skinner was handling his money as if he was getting ready to give it to Bowens. At that point, Bowens was arrested.

Detective Skinner also testified at trial. He was uncertain as to whether Bowens had handed the drug to Taylor at the time of the arrest, or if the drug was still in Bowens' hand at the time of the arrest. Skinner stated that he was reaching into his wallet to bring out $80 to purchase the drug at the point that Bowens was arrested and that no exchange of money occurred.

Bowens' defense was that he possessed, but did not distribute, the drug. Taylor testified that Bowens stated to him after arrest: "I'm not a dealer, I'm a user. . . . I was only doing this to get some for myself."

1. In his first enumeration of error, Bowens contends that the trial court erred in its charge to the jury by instructing that he could be found guilty of distributing cocaine if he were found to have *attempted* transfer from one person to another. In its initial instructions, the court instructed the jury regarding the charge against Bowens of distributing cocaine, and of the lesser included offense of possession of the drug. The court also instructed the jury regarding intent. During deliberations, the jury sent two written questions to the judge requesting clarification, which asked: "Does the law consider intent to distribute equivalent to distribution of a controlled substance within this indictment? Therefore, do the actual drugs have to change hands in order to have distributed the drugs?"

After a conference with the attorneys, the court recharged the jury that: "I charge you that the State is limited to the manner in which the defendant is charged in the indictment. The indictment charges that the defendant did distribute. Therefore, the answer to your question is no. You are not to consider the offense of possession with intent to distribute. That's not a charged offense in this case. The charged offense is distribute. To distribute necessarily involves the lesser included offense of possession of cocaine." Next, the court instructed the jury according to the definitions provided in OCGA § 16-13-21 (11). The court read that: " 'Distribute' means to deliver a controlled substance, other than by administering or dispensing it." The court then read subsection (7), which defines "deliver" and "delivery." The court stated that these terms meant "the actual, comma, constructive, comma, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship."

The court informed the jury that by recharging this law, the jury was not to place undue emphasis on any section of it and that the entire charge should be received as one body of law. The court then stated: "So your question, therefore, do the actual drugs have to change hands in order to have distributed the drugs is a question for you to define under the definitions that I have given you and the charge of the court." Then the court repeated the previous definitions from OCGA § 16-13-21.

Bowens argues that the law creates a separate crime with separate punishment for the attempted commission of any criminal offense and that the court's charge here erroneously equated possession with an attempt to distribute with the completed offense of distribution.

We find no error in the court's recharge. The court instructed the jury according to the definitions set forth in OCGA § 16-13-21. Included within the definition of "delivery," is the "attempted transfer from one person to another." Although Bowens correctly notes that an attempt to commit a violation of the Georgia Controlled Substances Act is prohibited under OCGA § 16-13-33, the statutory definition of distribution under OCGA § 16-13-30 also includes the "attempt to transfer." The court's charge was a correct statement of the law. See generally *State v. Luster*, 204 Ga. App. 156 (1) (419 SE2d 32) (1992); see also *Manning v. State*, 170 Ga. App. 721 (1) (318 SE2d 191) (1984).

Moreover, there was ample evidence presented from which the jury could have rationally decided that there was an *actual* transfer of crack cocaine. (For a discussion of appellant's defense here that no money had changed hands, see *Robinson v. State*, 164 Ga. App. 652 (1) (297 SE2d 751) (1982); *Jones v. State*, 198 Ga. App. 881 (1) (403 SE2d 867) (1991).)

2. In his second enumeration of error, Bowens claims that the trial court erred in its recharge by failing to specifically respond to the question of whether intent to distribute is equivalent to distribution. Bowens claims that although the court opined out of the jury's presence that the two offenses were different, this was not made clear to the jury.

We do not agree. The court explained to the jury that Bowens had not been charged with possession with intent to distribute and that they were not to consider that offense.[1] Combined with the additional instructions regarding the offense charged, we find the court's recharge proper.

3. In his final enumeration, Bowens claims that the trial court erred in its recharge in that by reading the definition twice and by reading the punctuation, undue emphasis to the subject charged was given. Further, he argues that the recharge was, if not erroneous, at least confusing to the jury.

This argument is without merit. The "[m]ere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury." (Citations and punctuation omitted.) *Brown v. State*, 182 Ga. App. 682, 683 (1) (356 SE2d 663) (1987). "[T]he court specifically instructed the jury not to unduly emphasize the instruction given on recharge, but to recall and

---

[1] The fact that Bowens was arrested while distributing the drugs distinguishes this case from cases involving charges of possession with intent to distribute. See generally *Sams v. State*, 197 Ga. App. 201 (1) (397 SE2d 751) (1990); *Davis v. State*, 200 Ga. App. 44 (2) (406 SE2d 555) (1991).

apply the entire charge." *Walker v. State*, 198 Ga. App. 422, 424 (2) (401 SE2d 613) (1991).

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 23, 1993.

*Nelson H. Turner*, for appellant.

*Thomas C. Lawler III, District Attorney, Scott A. Smeal, Assistant District Attorney*, for appellee.