A97A0884. KEY v. THE STATE.
(485 SE2d 804)

BLACKBURN, Judge.

William Terry Key appeals his conviction for the sale of cocaine. He claims that the court erred in charging the jury, that he received ineffective assistance of counsel, that the State improperly placed his character in evidence, and that he was erroneously sentenced to life in prison for a second violation of the Georgia Controlled Substances

---

Act. We affirm the conviction and sentence.

1. Key contends his conviction must be reversed because the court erred by charging the jury in the middle of the trial.

Key was indicted with a co-defendant, Dennis Craig Martin, for selling a rock of crack cocaine to an undercover agent. At trial, the agent testified that Martin facilitated the transaction, and that Key provided the cocaine and accepted the money. The agent also testified that prior to Key's trial, Martin pled guilty to this offense. Following the agent's testimony, the State rested. At this point, Key's attorney, who had reserved his opening statement, addressed the jury. He told the jury that Martin was the guilty party, not Key, and that Martin had already pled guilty to selling the cocaine. Immediately thereafter, on its own motion, the trial court charged the jury on parties to a crime. Although Key did not object to this charge, he contends the charge was harmful error.

The language of the charge was as follows: "Ladies and gentlemen, for some clarification to you at this point I'm going to give you a brief charge of the law so that you will be understanding of some of the issues that have been raised in the case. Every person concerned in the commission of a crime is a party to it and may be charged with and convicted of the commission of the crime. A person is concerned in the commission of a crime only if he directly commits the crime or intentionally aides [sic] or abets in the commission of the crime. I wanted to give you that law for clarification so that you will understand who is capable of being charged with an offense. Now, you're not to take that and reach any conclusions with what I've given to you. I just wanted to clarify at this point in time. You'll consider that along with the total charge of the Court that will be given to you at the conclusion of the case."

Key claims the timing of this charge improperly stressed the issue of parties to a crime. Although this charge drew the jury's attention to that issue, Key has failed to show that the timing of the charge was so improper as to warrant reversal. Cf. *Walls v. State*, 161 Ga. App. 235, 238 (3) (291 SE2d 15) (1982) (no error where court charged law during State's opening statement prior to introduction of evidence). The charge was carefully qualified, and the jury was specifically instructed not to use it to reach any conclusions at that point in the trial. Additionally, just prior to the charge, Key's attorney had told the jury that Key was merely present when the crime occurred. Inasmuch as the court then immediately instructed the jury that only direct and intentional acts would make one a party to a crime, the timing of the charge arguably reflected favorably on Key's version of the facts.

Key also argues that the issue of parties to a crime was improperly emphasized because the court charged this point again in its reg-

ular charge at the end of the trial. However, "mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights. Mere repetition of a correct and applicable principle of law is not such error as requires reversal unless it takes color of an argumentative or opinionative utterance so as to tend to prejudice the minds of the jury." (Citation and punctuation omitted.) *Hill v. State*, 207 Ga. App. 65, 67 (4) (426 SE2d 915) (1993) (portion of charge repeated at jury's request). Taking the charge as a whole, the charges on parties to a crime were not so unduly emphasized as to result in an unfair statement of the law tending to prejudice the minds of the jury. This argument is therefore without merit.

Even assuming arguendo that the trial court erred in giving the charge, reversal is still not warranted. "The standard for weighing nonconstitutional error in criminal cases is known as the 'highly probable test,' i.e., that it is 'highly probable that the error did not contribute to the judgment.' Under that test, a reversal is not required if the evidence of guilt is overwhelming in that there is no reasonable probability that the verdict of the jury would have been different in the absence of this error." (Citations and punctuation omitted.) *Felder v. State*, 266 Ga. 574, 576 (468 SE2d 769) (1996).

In this case, the evidence of Key's guilt is overwhelming. The undercover GBI agent testified that Key walked up to the officer's car, placed his arm inside the car, and opened his palm to reveal crack cocaine. Key handed the cocaine to the officer, and the officer handed Key $20. Upon Key's arrest, the officer identified Key as the individual who had sold him cocaine. Key's co-indictee, Martin, who had already pled guilty to this offense at the time of Key's trial, testified that he saw Key standing at the officer's car. Martin repeatedly conceded that Key could have sold the drugs, though Martin claimed that his back was turned when the transaction took place. This evidence was sufficient to allow the jury to find Key guilty of selling cocaine beyond a reasonable doubt, see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and was also overwhelming. We find it highly probable that any error the court may have committed in charging the jury mid-trial did not contribute to the judgment. Id.

2. In conjunction with his argument regarding the court's charge in the middle of the trial, Key contends he received ineffective assistance of counsel because his attorney failed to object to this charge when it was given.[1] Though our holdings in Division 1 establish both

---

[1] Key's enumerations of error combine his arguments regarding the erroneous charge

that the giving of the charge was not error, and that if it was error, it was not harmful error requiring reversal, we nonetheless address Key's contention.

"To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. The test is whether there is a reasonable probability the jury would have reached a different verdict, absent the error of counsel. In analyzing a claim of ineffective assistance of counsel, we note at the outset that a trial court's finding that a defendant has not been denied effective assistance of counsel will be affirmed unless clearly erroneous. Further, [the defendant] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct." (Citations and punctuation omitted.) *Stanley v. State*, 222 Ga. App. 750, 751 (476 SE2d 58) (1996).

At the motion for new trial, Key argued he received ineffective assistance of counsel. The trial court found that Key had failed to establish that his counsel's performance was deficient. We cannot say that this finding was clearly erroneous. Key's counsel failed to object to a charge we have determined was not erroneously given. See Division 1. Additionally, even assuming the charge was error, given the overwhelming evidence of Key's guilt, it is highly probable that the charge did not contribute to the jury's verdict. See Division 1. Therefore, Key's counsel's failure to object to this charge does not amount to ineffective assistance of counsel, and does not warrant a reversal.

3. Key contends that evidence of his bad character was improperly placed before the jury.

At trial, the State presented only one witness. This witness, the GBI agent, testified that he had made a hand-to-hand undercover buy of cocaine from Key. After the State rested, Key testified in his own behalf. Twice, in response to questions posed by his counsel, he stated, "I don't sell any cocaine or anything. . . . I don't sell. I . . . never sold anyone anything." The State argued at a bench conference that this testimony opened the door to evidence of Key's character, because Key had a prior conviction for the sale of cocaine. Key argued that because in the prior conviction he *gave* cocaine to an undercover officer instead of *selling* it as in this case, his statement that he had never *sold* cocaine was accurate, and did not open the door to his character. The trial court rejected this argument, and the State introduced a certified copy of Key's prior conviction for the sale of cocaine.

In support of his argument regarding the difference between

---

and ineffective assistance of counsel in one enumeration. We exercise our discretion under *Toledo v. State*, 216 Ga. App. 480, 482 (455 SE2d 595) (1995), and address both arguments.

selling cocaine and giving it away, Key called GBI special agent Fred Mays as a rebuttal witness. Mays testified that in the offense which forms the basis of Key's prior conviction, Key gave Mays crack cocaine as a gift. Key now renews his argument made to the trial court, and claims that the difference between giving and selling did not entitle the State to present evidence of his bad character.

This argument is without merit, and presents a distinction without a difference as applied to the facts of this case. Selling cocaine and giving it away are both offenses under OCGA § 16-13-30 (b), which makes it unlawful for any person to "deliver, distribute, dispense, administer, sell, or possess with intent to distribute any controlled substance." More importantly, the record shows that Key's prior conviction consists of a plea to the offense of distributing, *selling*, and dispensing cocaine. Key's statement that he had never sold cocaine therefore not only opened the door to his character, it was inaccurate in light of his prior conviction for distributing, selling, and dispensing cocaine. Therefore, Key himself placed his character into evidence, and the trial court did not err in its ruling on this issue.

4. Key enumerates as error the trial court's failure to charge his sole defense, mere presence, even absent his request. However, "[m]ere presence at the scene of the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged." *Muhammad v. State*, 243 Ga. 404, 406 (1) (254 SE2d 356) (1979). "There was abundant direct evidence that appellant committed the crime; the necessity of proof of guilt beyond a reasonable doubt was fully charged to the jury and they could not have inferred they could convict appellant of the crime by his mere presence." *Jones v. State*, 205 Ga. App. 711, 714 (4) (423 SE2d 393) (1992). This enumeration is therefore without merit.

5. Key contends his life sentence for a second conviction of OCGA § 16-13-30 (b) was error. Pursuant to the version of OCGA § 16-13-30 which was in effect when Key committed and was sentenced on his second drug offense, a life sentence was mandated. He argues that the purpose of the recidivist statute is not served in his case, because at the time he was arrested for the second offense, he had not yet been convicted of his first offense. He claims he therefore did not know that repeat offenders would receive mandatory life sentences.

Key's argument is controlled adversely to him by *Hailey v. State*, 263 Ga. 210 (429 SE2d 917) (1993). In that case, the Supreme Court determined that a conviction for a first OCGA § 16-13-30 (b) offense need not precede the commission of the second offense in order for the mandatory life sentence to be imposed. Id. at 212. Therefore, it is no bar to his life sentence that Key had not been convicted of the first

offense at the time he committed the second. This enumeration is accordingly without merit.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 27, 1997 —
RECONSIDERATION DISMISSED APRIL 23, 1997.
Before Judge Cummings.

*Wolfe & Steel, Brian Steel,* for appellant.

*James R. Osborne, District Attorney, Fred A. Lane, Jr., Assistant District Attorney,* for appellee.