### A99A0817. NELSON v. THE STATE.
(516 SE2d 98)

ELDRIDGE, Judge.

A Clayton County jury found Dana Nelson guilty of driving under the influence of alcohol (less safe driver) and habitual violator (previously declared). In his sole enumeration of error, Nelson challenges the sufficiency of the evidence introduced against him. We affirm his conviction.

Viewed in a light most favorable to the verdict,[1] the evidence shows that on September 9, 1996, at approximately 9:30 p.m., Clayton County Police Sergeant Gregory Dickens was traveling northbound on I-75 when he received an accident call. Upon arrival at the accident location, he saw a car stopped beside the median wall with its emergency flashers on. Pulling over, Dickens spoke to a man who had witnessed a collision in which a black Mercedes skidded across several lanes of I-75, striking the median wall and coming to a halt. Sergeant Dickens saw automobile fluid and broken glass on the ground next to the median wall where the witness was standing. The witness told the officer that he had stopped to render assistance to the driver of the Mercedes. However, before the witness could render aid, the Mercedes pulled away. The witness called 911 from his cell phone. He informed the officer that the driver was wearing a base-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ball-type cap and a grey sweatshirt and that he drove the black Mercedes in the direction of the Old Dixie Highway exit.

Starting out in the direction that the witness had pointed, Sergeant Dickens followed a trail of leaking automobile fluid onto the Old Dixie Highway exit. At the end of the ramp, Dickens stopped at a red light. Directly across the street was an Amoco gas station. Parked at the gas pumps was a black Mercedes. The car was leaking automobile fluid and had sustained a large amount of front end damage, especially to the left front headlight area. The driver of the Mercedes exited the vehicle and started to walk toward a pay telephone; he was wearing a baseball-type cap and a grey sweatshirt.

Sergeant Dickens approached the driver. He "could smell alcohol" on the driver from several feet away. The driver was unsteady on his feet and swaying. When the officer directed the driver back to the Mercedes, the driver had to hold onto his car for balance. When asked if he had been drinking, the driver refused to answer and would not provide identification. The driver stated that he was calling his wife to come and get him. Dickens testified that based upon his observations, the driver was under the influence of alcohol to the extent that he was a less safe driver. He arrested the driver. Dickens read the implied consent warnings, and the driver apparently refused chemical testing. During an impound search, a luggage tag in the Mercedes identified the driver as Dana Nelson. The officer ran Nelson's name on TAC radio, and it came back identifying Nelson as an habitual violator. During trial, the State introduced evidence that Nelson was served with an habitual violator notice in June 1992. *Held*:

> A conviction for driving under the influence of intoxicants may be based on circumstantial evidence. The circumstantial evidence need not exclude every hypothesis save that of guilt, but only reasonable hypotheses, so as to justify a finding of guilt beyond a reasonable doubt. We have no yardstick to measure consistency or reasonableness, save the opinion of the jurors, whose function it is to determine credibility of witnesses and questions of reasonableness.

(Citation and punctuation omitted.) *McGhee v. State*, 223 Ga. App. 123, 124 (476 SE2d 853) (1996). Here, the officer could "smell alcohol" on Nelson's person; Nelson was unsteady on his feet; he struck his car against a median wall and left the scene; he has been served an habitual violator notice; and he apparently refused to take a chemical test. See *Brooks v. State*, 187 Ga. App. 194, 195 (1) (369 SE2d 801) (1988) (refusal to submit to a drug test "may be considered as positive evidence creating an inference that the test would show

the presence of the prohibited substance"). Accordingly, we find the evidence sufficient for a jury to find Nelson guilty beyond a reasonable doubt of driving under the influence of alcohol and habitual violator. *McGhee v. State*, supra.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 12, 1999.

*Patricia F. Angeli*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Grant v. State*, 195 Ga. App. 463, 464 (393 SE2d 737) (1990).