## A00A0195. GALLIMORE v. THE STATE.
(529 SE2d 668)

PHIPPS, Judge.

Following denial of his motion for new trial, Elvin Gallimore appeals his conviction of driving under the influence of alcohol to the extent that he was a less safe driver. Consistent with Georgia law, the trial court charged the jury that defendant's refusal to permit a chemical analysis of his blood at the time of his arrest gave rise to a rebuttable inference that the test would show the presence of alcohol or some other prohibited substance.[1] The issues raised by Gallimore are whether there is probative evidence that he refused to submit to testing and whether there is sufficient evidence to support the verdict.

In evaluating a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to uphold the verdict.[2] It is a function of the jury and not of the appellate court to weigh conflicting evidence and judge the credibility of witnesses.[3]

Viewed in accordance with these principles, the evidence shows that at approximately 1:00 a.m. on April 28, 1997, City of Atlanta Police Officer Mathis responded to the scene of an accident. Officer Mathis observed Gallimore standing by an overturned pickup truck. The road was wet due to rain, and Gallimore acknowledged that he had been driving the truck. Officer Mathis testified that as he spoke with Gallimore, he detected a strong odor of alcoholic beverage on Gallimore's breath, an odor which pervaded his patrol car after he placed Gallimore there. According to Officer Mathis, Gallimore could not maintain his balance even though he did not appear to be injured or sick. Moreover, his speech was irregular, and his eyes were glassy. Officer Mathis testified that Gallimore admitted that he had been drinking, but, because of road conditions, no field sobriety evaluations were performed. Instead, Officer Mathis gave Gallimore implied consent warnings and asked if he would submit to a state-administered blood test. Gallimore agreed, and Officer Mathis sum-

---

[1] See OCGA § 40-6-392 (d); *Mendoza v. State,* 196 Ga. App. 627, 629 (2) (396 SE2d 576) (1990).

[2] *Anderson v. State,* 237 Ga. App. 595, 596 (3) (516 SE2d 315) (1999).

[3] *Porter v. State,* 224 Ga. App. 276, 279 (2) (480 SE2d 291) (1997).

moned another officer to transport Gallimore to the detention center where the test could be administered.

When Officer Mathis began testifying as to events that transpired at the center while he was not there, Gallimore's hearsay objection was sustained. Officer Mathis then testified without objection that after he was summoned to the detention center, he signed a form verifying that Gallimore had refused to submit to a blood test.

Mathis's testimony as to his own conduct and observations authorized the jury to find that Gallimore had refused to submit to testing. And the evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that Gallimore was guilty of being a less safe driver because he was under the influence of alcohol.[4]

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 15, 2000.

*L. Paul Cobb, Jr.*, for appellant.
*Joseph J. Drolet, Solicitor, Gerald Mason, Assistant Solicitor*, for appellee.

---

[4] *Garrett v. State*, 230 Ga. App. 97 (2) (495 SE2d 579) (1998); compare *Groom v. State*, 187 Ga. App. 398 (2) (370 SE2d 643) (1988).