A00A0716. FAIRBANKS v. THE STATE.
(534 SE2d 529)

JOHNSON, Chief Judge.

A jury found Tyrone Fairbanks guilty of driving under the influence of alcohol to the extent he was a less safe driver. He appeals from the conviction entered on the verdict, challenging the sufficiency of the evidence to support the verdict and claiming that the trial court erred in allowing testimony that he refused to submit to a chemical test of his blood, in repeating certain jury charges, and in commenting on his failure to testify. Because each of these contentions is without merit, the conviction is affirmed.

On appeal, we view the evidence in a light most favorable to support the verdict, and the appellant no longer enjoys the presumption of innocence; an appellate court determines the sufficiency of the evidence and does not weigh the evidence or determine the credibility of witnesses.[1]

So viewed, the evidence shows that a motorist was traveling behind Fairbanks on Highway 78. The night was clear, and there were no obstructions in the roadway. The motorist testified that he watched as the car Fairbanks was driving drifted back and forth between the far-right travel lane and the emergency lane. Fairbanks' car then drifted to the far-left lane, struck the guardrail, and careened back across the travel lanes before landing in a ditch off the shoulder of the highway. The motorist pulled over and found Fairbanks unconscious. The motorist waited until police arrived. The witness testified that he detected a "strong pungent musty smell" in the car and that "[i]t could have been anything." He did not specifically mention smelling alcohol.

A police officer testified that he arrived on the scene to find Fairbanks trapped in the car, injured, and unconscious. The officer shone a flashlight into the car in order to make sure Fairbanks and his passenger were alive. Within seconds, firefighters arrived and began trying to extract Fairbanks and his passenger from the car. As emergency personnel tried to help Fairbanks and the passenger, the

---

[1] *Tanner v. State,* 225 Ga. App. 702, 703 (484 SE2d 766) (1997).

officer gathered information from witnesses and diagrammed the scene. The officer then followed the ambulance as it transported Fairbanks to the hospital.

The officer, a six-year veteran trained in DUI enforcement, talked to Fairbanks while he was in the emergency room. The officer noticed that Fairbanks had "a strong odor of alcohol" about him. The officer testified that he knew the difference between the smell of alcohol used in hospitals and the smell of alcoholic beverages and concluded that the smell emanating from Fairbanks was "a beverage alcohol." Based on the single-car accident and the odor of alcohol, the officer concluded that Fairbanks was driving under the influence of alcohol. He read the implied consent notice to Fairbanks twice and asked him if he would submit to a chemical test of his blood. Fairbanks replied that he wanted to have the card read again with his attorney present. The officer told Fairbanks he did not have the right to have an attorney present during the reading of the implied consent notice.[2] The officer spent the next five or ten minutes reading the notice to Fairbanks and reiterating to him that he did not have the right to have an attorney present. Fairbanks never did agree to take the test.

1. Fairbanks contends the trial court erred in allowing testimony that he refused to submit to a chemical test when he never expressly refused to take the test and when the officer lacked probable cause to request that he take a test. These arguments are without merit.

At the outset, we note that the issue of whether Fairbanks refused to submit to a chemical test is relevant because a defendant's refusal to submit to such a test may create an inference that the test would show the presence of the prohibited substance.[3] Thus, whether he refused is relevant to the issue of the sufficiency of the evidence.

Under OCGA § 40-5-55 (a), a person who drives a vehicle upon Georgia's highways is deemed to have given consent to a chemical test of his blood for the purpose of determining the alcohol content of his blood if he is arrested for any offense arising out of acts alleged to have been committed in violation of OCGA § 40-6-391. The test will be administered at the request of a law enforcement officer having reasonable grounds to believe that the person has been driving the car in violation of OCGA § 40-6-391.[4] If there was probable cause to arrest Fairbanks for driving under the influence, the officer clearly had reasonable grounds upon which to invoke the implied consent procedure.[5] The test of probable cause requires merely a probability

---

[2] See *Bowman v. Palmour*, 209 Ga. App. 270 (1) (433 SE2d 380) (1993).

[3] See *Brooks v. State*, 187 Ga. App. 194, 195 (1) (369 SE2d 801) (1988).

[4] OCGA § 40-5-55 (a).

[5] See *Martin v. State*, 214 Ga. App. 614, 615 (1) (448 SE2d 471) (1994).

— less than a certainty but more than a mere suspicion or possibility.[6]

Fairbanks was seen swerving on the highway, striking a guardrail, and crashing into a ditch. He had a strong odor of "beverage alcohol" about him. Based on his training and experience, the arresting officer concluded that Fairbanks was driving while under the influence of alcohol. By considering the facts available to him, the officer had probable cause to arrest Fairbanks for DUI and to invoke the implied consent procedure.[7]

Fairbanks' response that he wanted an attorney each time the officer asked if he would submit to a test amounts to a refusal to submit to testing. We have found no cases precisely on point. However, this court has held that a defendant's refusal to respond in any way to a request to submit to testing amounts to a refusal to submit to testing.[8] We see no reason why Fairbanks' repeated demands for an attorney in response to the officer's requests to take such a test should be treated any differently. The trial court did not err in admitting evidence of his refusal.

2. Considering the manner in which Fairbanks was driving, the strong smell of alcohol detected by the officer, and Fairbanks' refusal to permit a chemical analysis of his blood, a rational trier of fact could have found him guilty beyond a reasonable doubt of driving under the influence of alcohol to the extent he was a less safe driver.[9]

We are not persuaded by Fairbanks' argument that the evidence was insufficient because no witnesses reported smelling alcohol at the accident scene, and the alcohol smell detected at the hospital might not have resulted from his drinking. Although the officer testified that he did not smell alcohol on the accident scene, he explained that, due to his concern for the well-being of the car's occupants and the nearly immediate arrival of emergency workers, he did not have an opportunity to check inside the car for the smell of alcohol. Moreover, the officer explained that he knew the difference between the smell of beverage alcohol and that of alcohol used in hospitals. The officer added that the alcohol emanating from Fairbanks at the hospital was a strong odor. When asked on cross-examination whether the (beverage) alcohol might have just been on Fairbanks' clothing rather than in his system, the officer replied that, based on the strength of the odor, if the alcohol was merely on his clothing, he must have "dumped it on him." And though the motorist who testified did not say he smelled alcohol on the scene, he did notice a

[6] *Firsanov v. State,* 270 Ga. 873, 875 (3) (513 SE2d 184) (1999).
[7] See *Martin,* supra at 616 (1); *Davis v. State,* 187 Ga. App. 517 (370 SE2d 779) (1988).
[8] *Miles v. State,* 236 Ga. App. 632, 633 (1) (513 SE2d 39) (1999).
[9] See *Nelson v. State,* 237 Ga. App. 620, 621 (516 SE2d 98) (1999).

strong smell which, he said, "could have been anything." The evidence was sufficient for a rational trier of fact to find Fairbanks guilty beyond a reasonable doubt of driving while under the influence of alcohol to the extent he was a less safe driver.[10]

3. Fairbanks complains that the trial court improperly commented on his failure to testify at trial and shifted the burden of proof by charging the jury that "the defendant's explanation must be taken into consideration insofar as it is consistent with the evidence." We disagree.

Certainly, no reference should be made to a defendant's decision to remain silent.[11] However, even were we to assume that the charge at issue referred to Fairbanks' decision not to testify, improper reference to his silence does not automatically require reversal.[12]

In this case, the trial court also charged the jury that a defendant is not required to present any evidence and is not required to testify and that if he chooses not to testify, the jury is not to draw any adverse inference or hold that against him in any way. The court also fully instructed the jury on the burden of proof and the presumption of innocence. Under these circumstances, there was no error. Moreover, there is no reasonable probability that the alleged error altered the outcome of the case.[13] This enumeration presents no grounds for reversal.

4. Fairbanks contends that the trial court committed reversible error by repeating and therefore emphasizing certain jury charges. He complains that this charge was stated twice:

It is not necessary for the state to show that the accused was drunk. It is sufficient that the state shows beyond a reasonable doubt that the accused was under the influence of alcohol as charged, the extent that it was less safe for him to drive a car than it would have been if he were not so affected whether drunk or not.

He says the following two charges were redundant:

Proof of smell of alcohol or odor of alcohol upon the breath of the defendant maybe [sic] considered circumstances regarding the intoxication of the defendant.

Specifically as to the consumption of alcohol, you may consider among other factors the smell or lack of smell of alco-

---

[10] See *Gallimore v. State*, 242 Ga. App. 374, 375 (529 SE2d 668) (2000).
[11] See *Nihart v. State*, 227 Ga. App. 272, 276 (1) (e) (488 SE2d 740) (1997).
[12] See id.; *Ledford v. State*, 221 Ga. App. 238, 242 (4) (470 SE2d 796) (1996).
[13] See *Cloud v. State*, 235 Ga. App. 721, 723-724 (6) (510 SE2d 370) (1998).

holic beverages on the defendant's breath and/or person and whether any evaluations indicated the presence of alcohol in the defendant's system.

He also complains that these two charges were repetitive:

Any person who operates a motor vehicle upon the highways or elsewhere throughout the state shall be deemed to have given consent to a chemical test or tests of his blood, breath or urine or other bodily substances for the purpose of determining the alcoholic content of his blood.

The Georgia Implied Consent Law includes a requirement that a person submit to a chemical test or tests of his blood, breath, urine or other bodily substance upon proper advice and request of an arresting officer.

The fact that some of the charges were similar and one charge was given twice presents no grounds for reversal. Mere repetition of a principle of law, while unnecessary, will not work a reversal unless it appears from the charge as a whole that there was such undue emphasis as to result in an unfair statement of the law in relation to the defendant's rights, and unless it becomes an argumentative or opinionative utterance that tends to prejudice the minds of the jury.[14] By repeating the charges at issue here, the trial court did not unfairly state the law in relation to Fairbanks' rights, nor did it state any of the charges in a way which would tend to prejudice the jury. In fact, at one point, after the trial judge realized he was repeating a charge, he told the jury: "The fact that I read it twice or told you twice is just that I did not realize that it was down here twice. It doesn't put any more emphasis on it or take away from it." This enumeration is without merit.[15]

*Judgment affirmed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATION DENIED MAY 22, 2000 

*Brett W. Ladd, William C. Head*, for appellant.
*Gwendolyn R. Keyes, Solicitor, Ladonya S. Horton, Thomas E. Csider, Assistant Solicitors*, for appellee.

---

[14] *Key v. State*, 226 Ga. App. 240, 242 (1) (485 SE2d 804) (1997).
[15] See *Bowens v. State*, 209 Ga. App. 130, 132 (3) (433 SE2d 102) (1993).