S03A0053, S03A0055. PERRY v. THE STATE (two cases).
(585 SE2d 614)

HUNSTEIN, Justice.

This opinion consolidates the appeals by Nashon Perry (hereinafter "N. Perry") in Case No. S03A0053 and his brother, James Perry (hereinafter "J. Perry"), in Case No. S03A0055. The Perrys and their cousin Taraveous Clyde were convicted of malice murder, two counts of aggravated assault and possession of a firearm during the commission of a felony arising out of the shooting death of Wanda Jackson and aggravated assault upon Jackson's daughter, Deamber Hughes.[1] N. Perry and Clyde were also convicted of possession of a firearm by a convicted felon.[2] The Perry brothers appeal from the denial of their motions for new trial. Finding no reversible error, we affirm.

---

App. 612, 612-613 (1) (411 SE2d 582) (1991).

[1] The crimes occurred in the early hours of July 18, 1999. N. Perry, J. Perry and their cousin Taraveous Clyde were indicted December 7, 1999 in Terrell County. Each man was charged with malice murder, felony murder (aggravated assault on Wanda Jackson), aggravated assault on Jackson, aggravated assault on Deamber Hughes and possession of a firearm during the commission of a crime. Additionally, N. Perry was charged with possession of a firearm by a convicted felon. The brothers were convicted on all counts. They were sentenced March 16, 2000 and each received life imprisonment on the malice murder convictions with 15 years to serve consecutive on Deamber Hughes' aggravated assault and five years to serve consecutive on the possession of a firearm charge. Additionally, N. Perry received five year sentences to serve consecutive on the possession by a convicted felon charge. A motion for new trial was filed by N. Perry on April 5, 2000 and by J. Perry on April 14, 2000. The motions, as amended, were denied by orders filed July 16, 2002. N. Perry filed a notice of appeal on July 29, 2002; J. Perry's notice of appeal was filed August 13, 2002. The appeals were docketed September 12, 2002 and were submitted for decision on the briefs.

[2] Clyde's appeal from these convictions is addressed in *Clyde v. State*, 276 Ga. 839 (584 SE2d 253) (2003)..

1. The jury was authorized to find from the evidence adduced at trial that innocent bystander Jackson was fatally shot while trying to carry her then two-year-old daughter, Hughes, to safety during an altercation between members of the Perry family and a group known to the police as the "Sardis Clique." Hostility between the groups had escalated over the days prior to the shooting after N. Perry refused to pay a Sardis Clique member for $300 in illegal drugs. That led to an incident on July 14, 1999 in which the Perrys drove to the home of a Sardis Clique member; threats were exchanged; N. Perry was persuaded by J. Perry not to use a gun but instead handle the dispute with a fist fight; a smaller fight broke out between J. Perry and another Sardis Clique member; and the confrontation ended with a gun being discharged by the Perrys' father. Another incident between the two groups involved a near fight in a local mall. On July 17, 1999 the police received reports that the two groups intended to "settle" the matter at a local club that night. The police searched members of both groups, including appellants, who were present in the vicinity of the club. Although the police found no weapons, they arrested appellants' cousin Clyde on obstruction charges shortly before midnight. Two hours later, N. Perry swerved his car towards Tyrone Jackson, a Sardis Clique member who was standing on the sidewalk near the club, and ran over Jackson's foot. Tyrone Jackson threw a bottle at or into Perry's car. Using the Tec 9 semi-automatic weapon Clyde had purchased on July 15 and stashed the evening of the 17th in bushes near the club, N. Perry opened fire as he drove down the street. N. Perry parked the car a few blocks away and, joined by J. Perry armed with the .45 caliber pistol Clyde had purchased less than 24 hours earlier, returned to the area looking for the Sardis Clique member. After J. Perry fired the gun, N. Perry spotted Tyrone Jackson, took the weapon from his brother and intentionally fired several shots in Tyrone Jackson's direction. The victim, who was carrying her daughter into a nearby apartment building, was struck in the head and killed.

We find the evidence adduced was sufficient to enable a rational trier of fact to find appellants guilty beyond a reasonable doubt of the charged crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In its instructions to the jury, the trial court charged the jury as to the elements of every count of the indictment applicable to each defendant. The trial court did so in order to avoid any possibility that the jurors might misunderstand the court's instructions and believe they were faced with an "all or none" decision in regard to the criminal charges brought against the three defendants. On appeal, appellants contend that this reiteration of the elements of murder in the trial court's charge was prejudicial because it unduly emphasized the

murder count, thus requiring a new trial. We disagree. The jury understood that each set of charges applied to one specific defendant and the instructions as given were accurate statements of the law. A review of the charge as a whole fails to establish that there was "such undue emphasis as to result in an unfair statement of the law in relation to [appellants'] rights," *Fairbanks v. State*, 244 Ga. App. 123, 127 (534 SE2d 529) (2000), nor were the repetitions so "argumentative or opinionative [that they] tend[ed] to prejudice the minds of the jury." Id. Accordingly, we find no error.

Although the trial court's instructions twice included the erroneous comment that "there is only one murder,"[3] the trial court subsequently charged the jury that no ruling or comment made by the court was intended to express any opinion upon the facts of the case or upon the guilt or innocence of the defendants. Furthermore, none of the appellants requested curative instructions. Compare *Matthews v. State*, 268 Ga. 798 (7) (c) (493 SE2d 136) (1997). In light of the charge as a whole, we find no possibility that the trial court's slip of the tongue misled or confused the jury. See generally *Williams v. State*, 267 Ga. 771 (2) (a) (482 SE2d 288) (1997).

3. We agree with the State that it was entitled to present Deamber Hughes, the surviving aggravated assault victim, for view by the jurors. Even though the child did not herself testify, her presence established that she was a "person" in esse for purposes of proving the elements of OCGA § 16-5-20 (a) (assault against the person of another). Contrary to appellants' argument, *Cail v. State*, 194 Ga. App. 584 (1) (391 SE2d 444) (1990) does not limit admission of this evidence to situations where the child was injured.

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 19, 2003.

*Hall & Williamson, Lauren H. Williamson*, for appellant (case no. S03A0053).

*Collier & Gamble, Edward R. Collier*, for appellant (case no. S03A0055).

*Charles M. Ferguson, District Attorney, Thurbert E. Baker, Attor-*

---

[3] The trial court told the jury, "Now, the Court understands that there is only one murder, one alleged murder, and so the Court will take that into consideration. You do not worry about it. You either find guilty or not guilty on malice murder and then on the felony murder, also. You are going to be marking two of them, but there is only one murder and the Court will take care of that."

*ney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.