## S03A0054. CLYDE v. THE STATE.
### (584 SE2d 253)

BENHAM, Justice.

Taraveous Clyde was convicted, along with his cousins Nashon and James Perry, of malice murder, two counts of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] The Perrys' convictions were affirmed in *Perry v. State*, 276 Ga. 836 (585 SE2d 614) (2003). Clyde contends on appeal that the evidence presented at trial was insufficient to authorize his convictions. We agree and, accordingly, reverse the judgment of conviction.

The evidence at trial, set out in more detail in *Perry v. State,* supra, showed that Clyde's family had a continuing conflict with a group known as the Sardis Clique, that the conflict escalated to a shooting which formed the basis for the charges against Clyde and his cousins, and that Clyde purchased the two pistols used by his cousins to commit murder and aggravated assault. Since Clyde was arrested prior to the shooting and was, therefore, not present, his asserted guilt was based solely on his role as a party or conspirator. The evidence adduced in support of that theory was that Clyde knew of the conflict between the two groups; that he was aware threats had been made to his uncle, at Clyde's home, by a member of the other group; that he purchased two guns before the shootings and two afterward; and that he secreted two guns before the shootings.

What the evidence produced by the State did *not* show were the essential links between Clyde's proven behavior and the crimes charged. Clyde's guilt of the crimes was based on the theory that he provided the weapons used by the Perrys, but the evidence at trial did not establish that he knowingly provided the weapons to the shooters. The murder weapon, a .45 caliber pistol Clyde bought and

---

[1] The crimes occurred in the early hours of July 18, 1999. Clyde and his cousins were indicted December 7, 1999, for malice murder, felony murder (aggravated assault on Wanda Jackson), aggravated assault on Jackson, aggravated assault on Deamber Hughes, and possession of a firearm during the commission of a crime. He was convicted on all counts and was sentenced to life imprisonment for malice murder, a consecutive term of 15 years for aggravated assault, a consecutive term of five years for possession of a firearm during the commission of a crime, and a consecutive term of five years for possession of a firearm by a convicted felon. A motion for new trial filed on April 6, 2000, as amended, was denied on July 16, 2002. Pursuant to a notice of appeal filed on July 29, 2002, the appeals were docketed in this Court on September 12, 2002, and were submitted for decision on the briefs.

hid in his home, was not given to either shooter by Clyde. The State relies on the fact that Clyde told them where the gun was hidden, but the evidence shows that neither of the Perrys took the gun from its hiding place: Clyde's mother brought it to the home of one of the Perrys' girlfriend. The other weapon was apparently found by one of the Perrys in a bush at the same residence where Clyde's mother took the .45, but the State was unable to show how anyone knew where to find the weapon. Clyde told the police that he had put the weapon there, but that he did not know how anyone else knew where it was. The State apparently did not know that either, since it put on no evidence to establish that Clyde communicated the location of the weapon to anyone. With regard to the charge of possession of a firearm by a convicted felon, based on Nashon Perry's status as a felon, the State put on no evidence that Clyde was aware that his cousin was a convicted felon.

No direct evidence was offered to show Clyde's participation in the crimes involved in this case. There was no testimony that he intended murder or aggravated assault or the use by others of the weapons he admittedly purchased, or that he entered into any form of agreement with the other defendants to commit any of the crimes charged. All of the State's evidence against Clyde was circumstantial, which requires that "the proved facts shall . . . exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. *Eckman v. State*, 274 Ga. 63 (1) (548 SE2d 310) (2001). But the evidence in this case did not meet that standard. The hypothesis put forward by Clyde, that he purchased the weapons for the protection of his family and himself and that others took and used the weapons without his knowledge, was not excluded by the evidence at trial. The evidence did not establish a shared intent to kill, a tacit agreement to commit murder or aggravated assault, actual provision by Clyde of the weapons, or knowledge that Nashon Perry was a felon. Thus, the evidence was insufficient to show Clyde's guilt either as a party to the crimes or as a conspirator. *Brown v. State*, 250 Ga. 862 (1) (302 SE2d 347) (1983). Accordingly, his convictions must be reversed for failure of the State to prove beyond a reasonable doubt his guilt of the crimes charged. Id.

*Judgment reversed. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

It is not necessary that circumstantial evidence exclude every other hypothesis except that of guilt, but only reasonable inferences and hypotheses. *Pecina v. State*, 274 Ga. 416, 419 (554 SE2d 167) (2001). It is for the jury to decide whether all reasonable hypotheses have been excluded. Id. The jury in this case heard evidence about

Clyde and his cousins, brothers Nashon and James Perry, regarding a planned confrontation with the Sardis Clique members, and the efforts Clyde exerted in order to purchase the two weapons used by the Perrys, including the murder weapon, in carrying out that plan. The jury heard evidence that Clyde "hid" one weapon in the sofa of a Perry relative and placed the other weapon in some bushes close to the planned attack. Two hours before the shooting that resulted in the murder of Wanda Jackson and the aggravated assault upon Deamber Hughes, Clyde actively interfered with the efforts by police to locate and remove deadly weapons in the possession of Perry family members in order to prevent the rumored attack. Thereafter the Perry brothers obtained the weapons "hidden" by Clyde and used one of them to fire shots at a Sardis Clique member, fatally striking an innocent bystander.

Construing the evidence in the light most favorable to uphold the jury's verdict, my review of the transcript establishes that sufficient evidence was adduced to enable a rational trier of fact to find Clyde guilty beyond a reasonable doubt as a party to the murder, aggravated assaults and firearm possession charges. See OCGA § 16-2-20 (b). Likewise, the evidence, including N. Perry's prior felony conviction, authorized the jury to find Clyde guilty of intentionally aiding and abetting N. Perry in violating OCGA § 16-11-131 (b) (prohibiting the receipt, possession or transportation of any firearm by a convicted felon). See *United States v. Falletta*, 523 F2d 1198 (5th Cir. 1975).

Accordingly, because I find no merit in any of the arguments raised by Clyde on appeal,[2] I would affirm the judgment entered on his conviction.

I am authorized to state that Justice Thompson joins in this dissent.

---

[2] This Court found no error in those arguments asserted by the Perry brothers in *Perry v. State*, 276 Ga. 836 (585 SE2d 614) (2003) in which Clyde joined. Additionally, I would hold the trial court did not abuse its discretion in denying Clyde's motion for severance, see *Kidwell v. State*, 264 Ga. 427, 432 (10) (444 SE2d 789) (1994); see also *Langley v. State*, 258 Ga. 251, 252 (2) (368 SE2d 316) (1988) ("[t]he mere fact that the evidence against one conspirator was stronger than the evidence against the other conspirator was no reason to grant a severance"); did not err by refusing to allow Clyde to impeach the verdict with testimony about alleged juror misconduct, see *Lewis v. State*, 249 Ga. App. 812, 815 (4) (549 SE2d 732) (2001); did not abuse its discretion in admitting autopsy photographs, see *Felder v. State*, 273 Ga. 844 (5) (545 SE2d 918) (2001); and properly admitted evidence regarding the "prior difficulties" between the Sardis Clique and Perry family group. See generally *Edge v. State*, 275 Ga. 311 (3) (567 SE2d 1) (2002).

DECIDED JULY 16, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*Ellis R. Garnett*, for appellant.

*Charles M. Ferguson, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.