## S10A1201. BRANCHFIELD v. THE STATE.
### (700 SE2d 576)

MELTON, Justice.

Following a jury trial, Diana Branchfield was found guilty of felony murder, armed robbery, and possession of a firearm during the commission of a crime in connection with the August 1, 2007 shooting death of John Belfance.[1] On appeal, Branchfield alleges that the evidence was insufficient to support the verdict, that the trial court erred by failing to grant a mistrial, that the trial court erred in its charge on felony murder, and that the trial court erred by repeating an instruction on armed robbery.[2] We affirm.

1. Viewed in the light most favorable to the verdict, the record shows that, on August 1, 2007, Branchfield met with Belfance in his truck. She left the truck and told Belfance that she would return

---

[1] On May 26, 2009, Branchfield was indicted for malice murder, felony murder (with robbery as the underlying felony), armed robbery, and possession of a firearm during the commission of a crime. Following a January 25-28, 2010 jury trial, Branchfield was found guilty on all charges except for malice murder. On January 28, 2010, Branchfield was sentenced to life imprisonment for felony murder, plus five years consecutive for possession of a firearm. The armed robbery count was merged into the felony murder count for sentencing purposes. Branchfield's timely appeal was docketed in this Court for the April 2010 Term, and submitted for decision on the briefs.

[2] We note that the State has filed a motion to dismiss Branchfield's appeal, because Branchfield filed her brief on May 20, 2010, instead of on this Court's ordered due date of May 19, 2010. Branchfield responds that she acted under the mistaken belief that the Supreme Court Rules allowed her to assume that her brief was filed on the same date that the brief was postmarked for delivery by regular mail at the United States Post Office. See Georgia Supreme Court Rule 13 ("Except [in the case of registered or certified mail, or mail marked for overnight delivery], the contents of properly addressed mail shall be deemed filed as of the date such mail is *received in the Clerk's office.*" (emphasis supplied)). Branchfield also maintains that the State was not prejudiced, because she faxed a copy of the brief to the Office of the District Attorney on May 19, 2010. We have decided that, under the circumstances presented here, the Court will not dismiss this appeal or subject the appellant to sanctions, and we will instead reach the merits of Branchfield's claims. See Georgia Supreme Court Rules 7 and 10.

once she obtained some cocaine. Branchfield then met with Mario Williams, and told Williams that he could get the money that she owed to him from Belfance. Branchfield then returned to Belfance's truck and entered the passenger side. According to Branchfield, Williams then approached Belfance from the driver's side and demanded money. Williams then shot Belfance and took his money. Belfance died from two gunshot wounds to the torso. Although Branchfield told police that she did not know that Williams was going to shoot Belfance, she admitted to police that she had planned the robbery that led to Belfance's death.

The evidence was sufficient to enable a rational trier of fact to find Branchfield guilty of all the crimes for which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime). The jury was free to reject Branchfield's claim that she did not know that Williams was going to shoot Belfance and conclude from the evidence that she was a willing participant in the robbery and shooting of Belfance. See, e.g., *Odom v. State*, 279 Ga. 599 (619 SE2d 636) (2005).

2. Branchfield contends that the trial court erred in failing to grant her motion for a mistrial after a witness made an improper reference to a polygraph test.[3] Specifically, when the State asked a witness about the times that Branchfield had discussed the Belfance murder with her, the witness responded by stating that Branchfield "was just talking about how they were going to give her 20 years if she didn't pass her lie detector test." Branchfield immediately objected and moved for a mistrial, but instead of granting a mistrial, the trial court gave a curative instruction, telling the jury to "disregard any reference or suggestion concerning [a] polygraph that may have come from [the] witness."

We find no error. "When a prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial." (Citation omitted.) *White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997). It is within the discretion of the trial court to decide "whether a mistrial must be granted as the only corrective measure or whether the prejudicial effect can be corrected by withdrawing the testimony from the consideration of the jury under proper instructions." *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315) (1982). Here, the curative instruction given by the trial court relating to the witness' non-responsive and passing reference to a lie detector test adequately preserved Branchfield's right to a fair trial. Accordingly,

---

[3] In connection with a pretrial motion in limine by Branchfield, the trial court instructed the parties that there should be no mention of a polygraph test during trial.

the trial court did not abuse its discretion in denying Branchfield's motion for a mistrial. See *Johns v. State*, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001) (this Court "must presume that the jury followed [its] instruction and disregarded the [witness'] statement") (citations omitted); *Evans v. State*, 256 Ga. 10 (5) (342 SE2d 684) (1986) (where State did not intentionally draw out reference to polygraph, and where trial court took swift action in giving curative instruction, court did not abuse its discretion in denying motion for mistrial). See also, e.g., *Dorminey v. State*, 258 Ga. App. 307, 309 (1) (574 SE2d 380) (2002) (trial court did not abuse its discretion in denying motion for mistrial where trial court gave curative instruction in response to witness' "relatively insignificant reference to a polygraph").

3. Branchfield argues that the trial court erred by including the definition for armed robbery in its jury charge on felony murder when the indictment referred to only robbery as the underlying felony for the felony murder count. However, a review of the charge itself makes clear that the jury was specifically instructed on the elements of robbery alone in connection with the felony murder count, and that the inclusion of language relating to armed robbery later in the charge would not have confused the jury into believing that the underlying felony to support the felony murder count was armed robbery. See *Whitaker v. State*, 283 Ga. 521 (5) (661 SE2d 557) (2008). Indeed, Branchfield was charged with armed robbery in an entirely separate count of the indictment from the felony murder count, and, considering the charge as a whole, it is not reasonably likely that the wording of the felony murder charge would have led the jury to believe otherwise. See *Parker v. State*, 282 Ga. 897 (7) (655 SE2d 582) (2008) (considering charge as a whole, jury would not have been confused into believing that malice murder and felony murder charges were commingled); *Nunnally v. State*, 235 Ga. 693 (5) (221 SE2d 547) (1975) (trial court did not err in its charge on malice murder where charge considered as a whole would not have led jury to find defendant guilty on an improper basis).

4. Branchfield urges that the trial court erred by instructing the jury on armed robbery three times — first, in connection with the felony murder charge; next, as the independent armed robbery offense charged in the indictment; and finally, as the predicate offense upon which the possession of a firearm during the commission of a crime charge was based. Branchfield does not contend that the armed robbery charges, in and of themselves, were erroneous, but instead claims that the unnecessary repetition of the armed robbery charge placed undue emphasis upon it such that her rights were impaired. Branchfield is incorrect.

As explained in Division 3, the mention of armed robbery in the same section of the charge that dealt with felony murder would not

have confused the jury. Furthermore, the additional instructions on armed robbery were directly connected with the charges in the indictment that were based upon armed robbery.

> [T]he instructions as given were accurate statements of the law. A review of the charge as a whole fails to establish that there was such undue emphasis as to result in an unfair statement of the law in relation to [Branchfield's] rights, nor were the repetitions so argumentative or opinionative that they tended to prejudice the minds of the jury.

(Citation and punctuation omitted.) *Perry v. State*, 276 Ga. 836, 838 (2) (585 SE2d 614) (2003). We find no error. Id.
*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 2010.

*Nancy B. Miller, Victoria L. Novak,* for appellant.
*Julia F. Slater, District Attorney, Kristy W. Dugan, Sadhana P. Dailey, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christopher R. Johnson, Assistant Attorney General,* for appellee.