## A10A1171. FULLWOOD v. THE STATE.
### (696 SE2d 367)

JOHNSON, Judge.

After a jury trial, Dale Fullwood was convicted of aggravated assault and battery. He appeals, challenging a jury instruction and the effectiveness of his trial counsel. The challenges are without merit, and we thus affirm Fullwood's convictions.

1. Construed most strongly in support of the verdicts, the evidence shows that during an altercation, Fullwood stabbed James Lambus with a knife and bit Crystal Lambus on the back. The evidence was sufficient to authorize a rational trier of fact to find Fullwood guilty beyond a reasonable doubt of aggravated assault for the stabbing and battery for the biting.[1]

2. Fullwood claims that the trial court's jury charge on the offense of aggravated assault was inadequate because it did not include the definition of simple assault contained in OCGA § 16-5-20 (a) (1), which provides that such an assault is committed when a person "[a]ttempts to commit a violent injury to the person of

---

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA §§ 16-5-21; 16-5-23.1.

another." However, contrary to Fullwood's claim, the jury charge on aggravated assault did include such language about attempting to commit a violent injury. The trial court instructed the jury:

A person commits the offense of aggravated assault when that person assaults another person with a deadly weapon. To constitute such an assault, actual injury to the alleged victim need not be shown. *It is only necessary that the evidence show beyond a reasonable doubt that the defendant attempted to cause a violent injury to the alleged victim.*[2]

The instant case is materially different from *Coney v. State*,[3] upon which Fullwood relies. Unlike the aggravated assault charge in this case, the inadequate charge in *Coney* did not instruct the jury that the defendant must have attempted to cause a violent injury to the victim.[4] Moreover, the decision in *Coney* was controlled by *Chase v. State*,[5] in which an aggravated assault instruction was found to be erroneous because, as the Supreme Court explained, "[t]he failure to inform the jury that appellant had to have attempted to commit a violent injury on the victim requires reversal of appellant's conviction."[6] Since the aggravated assault instruction in the present case clearly informed the jury that Fullwood must have attempted to cause a violent injury to the victim, there was no error.

3. Fullwood contends that his trial counsel was ineffective in failing to object when the state asked him about his pre-arrest silence and when the state commented on it during closing argument. To establish ineffective assistance of trial counsel under *Strickland v. Washington*,[7] Fullwood must show both that counsel's performance was deficient and that the deficiency prejudiced the defense.[8] Fullwood cannot make these showings because he opened the door to the issue of his pre-arrest silence.

At trial, Fullwood testified that he had acted in self-defense, and on direct examination, his attorney specifically asked him if he had ever gone to the police and told them that he had been attacked. Fullwood answered that he had not gone to the police because he was scared. On cross-examination, the state's attorney questioned him about his self-defense claim, and asked him to confirm that he had

---

[2] (Emphasis supplied.)

[3] 290 Ga. App. 364 (659 SE2d 768) (2008).

[4] Id. at 366 (1).

[5] 277 Ga. 636 (592 SE2d 656) (2004).

[6] Id. at 640 (2).

[7] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[8] *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).

never approached the police to tell them what had happened. During his closing argument, the prosecutor stated that Fullwood had never bothered to tell the police about his claim of self-defense.

Typically, questioning about and commenting upon a defendant's silence or failure to come forward is more prejudicial than probative.[9] However,

> [t]he State, like any other party, has the right to conduct a thorough and sifting cross-examination and to pursue the specifics of a topic [that a defendant has] introduced. Because [Fullwood] opened the door to this line of questioning during his direct testimony [about his failure to come forward to police], he cannot now complain that his trial counsel was ineffective for failing to object. Because such an objection would not have been sustained, [Fullwood] has failed to establish that trial counsel's performance was deficient. The trial court [therefore] did not err in concluding that [Fullwood's] trial counsel was not ineffective due to his failure to object to the cross-examination outlined above.[10]

Furthermore, because Fullwood "raised [the] issue regarding his failure to come forward . . . [,] the prosecutor was legitimately authorized to address [it] in [his] closing argument. Moreover, we note that the prosecutor's comments in closing argument did not exceed the scope of the invited response."[11] Accordingly, trial counsel's failure to raise a meritless objection to the state's permissible closing argument cannot constitute ineffective assistance of counsel.[12]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 7, 2010.

*Jennifer A. Trieshmann*, for appellant.

---

[9] *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991).

[10] (Citations and punctuation omitted.) *Mitchell v. State*, 242 Ga. App. 177, 181 (4) (a) (529 SE2d 169) (2000) (no ineffectiveness where defendant opened the door to prosecutor's cross-examination concerning his silence). See also *Gaston v. State*, 257 Ga. App. 480, 484 (3) (571 SE2d 477) (2002) (rejecting claim of improper comment on silence where defense opened the door).

[11] *Mikell v. State*, 286 Ga. 434, 438 (5) (689 SE2d 286) (2010), overruled on other grounds, *Manley v. State*, 287 Ga. 338, 345 (3) (698 SE2d 301) (2010).

[12] *Smith v. State*, 304 Ga. App. 155, 156 (3) (b) (695 SE2d 679) (2010).

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.