## S11A0827. BRINSON v. THE STATE.
### (713 SE2d 862)

THOMPSON, Justice.

Appellant Ronald Brinson was convicted by a jury of malice murder in the stabbing death of his wife, Joyce Brinson.[1] On appeal, Brinson claims that the trial court improperly denied his motion for mistrial and erroneously failed to give his requested jury charge on involuntary manslaughter. Finding no error, we affirm.

At around 11:00 p.m., Brinson appeared at a friend's place of business in an intoxicated state and asked for a ride home. The friend drove him to the residence Brinson shared with the victim. Later that night, Brinson went to the home of another friend where he admitted that he stabbed the victim, but claimed that she produced the knife first.

The following morning, the victim's parents attempted to reach her by phone but got no response to their repeated calls. They went to the Brinson residence and summoned the police. The victim's body was discovered in the bedroom; she had been stabbed seven times in the head, neck, and chest, resulting in her death.

Police confronted appellant later that day as he was walking through a residential neighborhood. He spontaneously told the officers to shoot him and he then volunteered to a passerby that he was being arrested for "first degree . . . murder." Appellant was placed in custody; *Miranda* rights were administered; and he told the police that the victim had picked up a steak knife, that he took it from her, and then stabbed her multiple times.

1. Taken in the light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact to find Brinson guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. During the State's case-in-chief, the trial court was notified by

---

[1] The crimes were committed on August 18, 2006. On October 3, 2006, a Laurens County grand jury returned an indictment charging Brinson with malice murder and two counts of felony murder. The State subsequently obtained an order of nolle prosequi as to one felony murder count. Trial commenced on October 15, 2007, and the jury returned a verdict on October 17, 2007, finding Brinson guilty of malice murder and the remaining felony murder count. Brinson was sentenced on the same day to life imprisonment for malice murder. A motion for new trial was filed on October 30, 2007 and denied on December 3, 2010. Brinson filed a notice of appeal on January 3, 2011. The appeal was docketed during the April 2011 term of this Court, and was submitted for a decision on briefs on April 11, 2011.

the bailiff that "noises" were being made by members of the victim's family who had been observing the trial. The court removed the jury and instructed the prosecutor to caution the family, "as forceful[ly] as possible," to refrain from such conduct. Defense counsel moved for a mistrial arguing that the inappropriate conduct could taint the jury and deprive appellant of a fair trial. In response, the prosecutor stated in her place that while she did not doubt that "noises" were made, she was standing near the jury and did not hear anything. In addition, she took "appropriate action" and had the family members removed from the courtroom. The court denied Brinson's motion for a mistrial, noting that it did not hear any noises emanating from the spectators, nor did it observe any reaction from the jurors.

" 'Whether to grant a mistrial is a matter within the discretion of the trial court, and that discretion will not be interfered with on appeal "unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." [Cit.]' [Cit.]" *Belton v. State*, 270 Ga. 671, 672 (2) (512 SE2d 614) (1999). The trial court, who "was in a unique position to observe the jurors," id., perceived no impact on them. And other than mere conjecture, Brinson has not shown how he was harmed by the incident. Accordingly, we find no abuse of discretion in the trial court's decision that a mistrial was not necessary. Id.

Alternatively, Brinson asserts that the trial court erred in failing to give a curative instruction. Brinson did not request a curative instruction or seek any further action from the court; therefore, he cannot complain about the alleged omission on appeal. *Brown v. State*, 278 Ga. 544 (8) (604 SE2d 503) (2004).

3. Brinson argues that the trial court improperly refused to give his request to charge on involuntary manslaughter under OCGA § 16-5-3 (b) (commission of a lawful act in an unlawful manner). As best we can glean, appellant argues that the lawful act was his belief in the necessity of using deadly force, but that his belief was unreasonable and resulted in the unlawful stabbing of the victim. In this regard, appellant asks the Court to apply the doctrine of "imperfect self-defense." This theory has been adopted in a minority of other states, and is a form of the crime of voluntary manslaughter. *Scott v. State*, 261 Ga. 611 (2) (409 SE2d 511) (1991). It does not, however, "fit within the definition of voluntary manslaughter in this State," id., and moreover "has . . . no application to involuntary manslaughter." *Lamon v. State*, 260 Ga. 119, 120 (2), fn. 2 (390 SE2d 582) (1990).

4. Finally, appellant asserts that the trial court erred in allowing the indictment to go out with the jury during deliberations.

During colloquy with counsel at the conclusion of the jury charge, the court advised of its intention to send a redacted copy of

the indictment (striking the second felony murder charge) to the jury room, and the court invited objections from counsel.[2] None were forthcoming. Brinson cannot now be heard to complain. See generally *Smith v. State*, 277 Ga. 213 (2) (c) (586 SE2d 639) (2003).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 11, 2011.

*James C. Garner*, for appellant.

*Craig Fraser, District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.

---

[2] The court stated on the record:

Let's staple this indictment together and that is the copy of the indictment which deletes Count 3. . . . I would like counsel to go through the evidence and make sure that the evidence you see is the evidence that will go out with the jury. . . . This is the verdict form and the indictment. And counsel, please look at that one more time.