### S11A1114. RAFI v. THE STATE.

(715 SE2d 113)

BENHAM, Justice.

The victim Bryan Evans went to a house owned by appellant Muhammad Omar Rafi in order to buy drugs using a counterfeit $100 bill. An eyewitness testified that appellant drove up to where the victim was standing just outside the house, approached the victim and had words about the counterfeit money, pistol whipped the victim, and shot the victim while the victim was prone on the ground.[1] Appellant then fled. The victim died from a bullet wound to the neck that caused his airway to collapse.

1. The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the charges for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant alleges he was denied his constitutional right to a speedy trial. We disagree.

The Sixth Amendment of the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." This right is enshrined in the Georgia Constitution and is co-extensive with the federal guarantee made applicable to the states by virtue of the Fourteenth Amendment of the United States Constitution. Ga. Const. of 1983, Art. I, Sec. I, Par. XI (a); *Ruffin v. State*, 284 Ga. 52 (2) (663 SE2d 189) (2008). Every constitutional speedy trial claim is subject to a two-tiered analysis as set forth in the United States Supreme Court decisions *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33

---

[1] On May 22, 2001, a Fulton County grand jury indicted appellant for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. Appellant was tried before a jury from April 16, 2007, to April 19, 2007, with the jury returning a verdict of guilty on all charges. The trial court sentenced appellant to life for malice murder and five years to be served consecutively for firearm possession. The felony murder conviction was vacated by operation of law and the aggravated assault conviction merged into malice murder. Appellant moved for a new trial on April 27, 2007. The motion for new trial hearing was held on March 24, 2009, and the motion was denied on May 12, 2009. Appellant was subsequently granted an out-of-time appeal on March 2, 2011. The case was docketed to the April 2011 term of this Court for a decision based on the briefs.

LE2d 101) (1972) and *Doggett v. United States*, 505 U. S. 647 (II) (112 SC 2686, 120 LE2d 520) (1992). As for the first tier of the analysis, it must be determined if the delay in question is presumptively prejudicial. If not, there has been no violation of the constitutional right to a speedy trial and the second tier of analysis is unnecessary. See *Barker v. Wingo*, 407 U. S. at 530 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."); *Bowling v. State*, 285 Ga. 43 (1) (a) (673 SE2d 194) (2009). If, however, the delay is determined to be presumptively prejudicial, then the court must engage the second tier of analysis by applying a four-factor balancing test to the facts of the case. *Jakupovic v. State*, 287 Ga. 205 (1) (695 SE2d 247) (2010). Those four factors include: (1) whether the delay is uncommonly long; (2) reason for delay/whether the government or the defendant is more responsible; (3) defendant's assertion of the right to a speedy trial; and (4) the prejudice to the defendant. *Ruffin v. State*, supra, 284 Ga. at 56 (2) (b). On appeal, the relevant standard of review is whether the trial court abused its discretion. Id. at 65; *Bowling v. State*, supra, 285 Ga. at 47 (2).

*Brewington v. State*, 288 Ga. 520 (1) (705 SE2d 660) (2011).

The record reveals that, after the April 1998 shooting, appellant was arrested in July 1998 and bonded out with the assistance of a private attorney. At the motion for new trial hearing, appellant testified that three or four months after he was arrested, he moved away from the address that was on file with the court. On May 22, 2001, a Fulton County grand jury indicted appellant for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime. An arraignment hearing was scheduled for December 11, 2001, and, according to the testimony of a court clerk during the motion for new trial hearing, a notice was sent to appellant's bond company. Appellant, however, did not appear for the December 2001 hearing. On August 23, 2002, the case was placed on a dead docket. Upon appellant's arrest in February 2005 for unrelated charges, the case was removed from the dead docket on March 4, 2005, and reinstated. The public defender's office first received the file in February 2005 and assisted appellant in bonding out of jail in April 2005. Appellant was not incarcerated for most of the time he awaited trial.[2]

---

[2] Appellant was arrested in October 2006 for missing a pre-trial court appearance, but it

Three public defenders were assigned to the case between 2005 and 2007. The public defender who ultimately tried the case received it in mid-February 2007. Shortly thereafter, that public defender was in a car accident and was unable to work for a time.[3] She tried to reach appellant by phone and correspondence in February and March 2007, but was unable to do so until April 3, 2007, at which time appellant met with her at the public defender's office and indicated that he would be hiring a private lawyer. Appellant, however, did not retain a private attorney, and the public defender represented appellant at the April 16, 2007, trial.

The passage of nine years from appellant's arrest to his April 2007 trial establishes that the delay in this case was presumptively prejudicial such that the application of the *Barker-Doggett* factors was triggered. *Brewington v. State*, supra at 522. The trial court balanced the *Barker-Doggett* factors and determined that: the delay was primarily due to bond forfeiture and not due to intentional delay by the State; appellant's failure to invoke his right to speedy trial was weighed against him; and there was no actual prejudice to appellant because of the delay. The trial court's determination in weighing the first and second factors, length and reason for delay, against appellant was not in error. Neither appellant nor his initial attorney made themselves aware of the actual status of the case between 1998 and 2005. Appellant also failed to keep his address up to date with the court such that the court was unable to send the notice for his December 2001 arraignment to his home address.[4] As for the third factor of the *Barker-Doggett* test, making a demand for trial, it was not error for the trial court to weigh that factor heavily against appellant because appellant never made a speedy trial demand during the nine years that passed between his arrest and trial. *Johnson v. State*, 268 Ga. 416, 418 (490 SE2d 91) (1997) (third factor weighed against appellant where he did not raise a speedy trial demand until he amended his motion for new trial). See also *Brannen v. State*, 274 Ga. 454, 456 (553 SE2d 813) (2001) ("It is the defendant's responsibility to assert the right to trial, [cit.] and the failure to exercise that right is entitled to strong evidentiary weight against the defendant. [Cit.]") (punctuation omitted). Finally, in regard to the fourth and final factor of the *Barker-Doggett* test, appellant was not subjected to oppressive pre-trial incarceration and did not suffer any unusual anxiety or concern because he was not actually incarcerated for most of the nine years in question. Id. at

---

does not appear appellant had a lengthy stay in jail for that arrest.

[3] The car accident occurred on February 28, 2007, and appellant's trial counsel was unable to work for two weeks.

[4] See *State v. Johnson*, 274 Ga. 511, 516 (555 SE2d 710) (2001) (Benham, J., dissenting).

456-457. Appellant also was not prejudiced by lost evidence. Although the toy gun the victim allegedly brandished at appellant and the counterfeit $100 bill were destroyed, there was both photographic and testimonial evidence about these items presented at trial, including a defense witness who testified that the victim brandished what appeared, from afar, to be a real gun immediately prior to the shooting. Consequently, the absence of these items did not prejudice appellant. Under these factual circumstances, the trial court did not abuse its discretion when it denied appellant's claim that his constitutional right to a speedy trial was violated.

3. Appellant alleges his trial counsel rendered constitutionally ineffective assistance when she failed to present *Chandler*[5] evidence at trial; failed to interview State witnesses; failed to call certain witnesses who would have supported appellant's claim of self-defense; and failed to review discovery held in the prosecutor's office. To prevail on a claim of ineffective assistance of counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citations and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). For reasons set forth below, we affirm the trial court's rejection of appellant's ineffective assistance of counsel claims.

The record shows that counsel did attempt to interview some of the State's witnesses; however, some of the witnesses, including Quilla Alexander, who was the State's main eyewitness to the shooting, refused to speak to defense counsel.[6] Although counsel did not present all three witnesses identified by appellant as corroborating his claim of self-defense, she did present one witness who established appellant's claim of self-defense. Counsel testified at the motion for new trial hearing that she also attempted to produce *Chandler* evidence, but, because of lack of time, was not able to do so. Counsel further testified that she did not strenuously pursue a continuance for more time to gather *Chandler* evidence because of

---

[5] *Chandler v. State*, 261 Ga. 402 (3) (b) (405 SE2d 669) (1991) ("evidence of specific acts of violence by a victim against third persons shall be admissible where the defendant claims justification").

[6] At trial, the victim's mother, who was on the scene shortly after the victim was shot, also testified that she refused to talk to defense counsel.

the age of the case and because she believed such motion for continuance would be unsuccessful. Although appellant's trial counsel testified at the motion for new trial hearing, no one asked whether she reviewed discovery documents held by the State. None of these facts establishes that appellant's counsel was deficient in her performance. Therefore, the trial court did not err when it denied appellant's ineffective assistance of counsel claim.

4. Appellant alleges that the trial court erred when it failed to declare a mistrial in regard to the following testimony by an eyewitness to the shooting:

Q. Was there anything about the defendant that made you not want to be completely forthcoming with the police?
A. Yeah, because any time what they call snitch on a dope guy or deep [sic] dealer . . .
[Objection by appellant's counsel]
A. . . . you going to be killed or a hit on my life.

Prior to the trial, the parties agreed and were instructed by the trial court that appellant would not be referred to as being a drug dealer or a kingpin. Appellant alleges that the above testimony was in contravention of the trial court's instruction. However, the trial court determined that the testimony was not intentionally elicited by the State and so, instead of granting a mistrial, the trial court gave a curative instruction to the jury.[7] In addition, the witness subsequently testified that she had never seen appellant dealing drugs.

Whether to declare a mistrial is in the discretion of the trial court and will not be disturbed on appeal "unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." (Citations and punctuation omitted.) *Brinson v. State*, 289 Ga. 551 (2) (713 SE2d 862) (2011); *Branchfield v. State*, 287 Ga. 869 (2) (700 SE2d 576) (2010). Here, the curative instruction preserved appellant's right to a fair trial (id. at 870) and, along with the witness's subsequent admission that she had never seen appellant dealing drugs, was sufficient to counter any alleged harm caused by the witness's comment. The trial court did not err when it denied appellant's motion for mistrial or denied appellant's motion for a new trial.

5. Finally, appellant contends his due process rights were violated when the trial court adopted the State's proposed order

---

[7] The curative instruction was as follows: "Ladies and gentlemen, you are to disregard the witness's last statement. There is no witness to support that issue before the jury. That's not what this case is about. The witness has said something that we don't have any evidence of whatsoever."

denying the motion for new trial verbatim. "[W]hen the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U. S. 564, 572 (II) (105 SC 1504, 84 LE2d 518) (1985). "Orders prepared ex parte do not violate due process and should not be vacated unless a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair." (Citations and punctuation omitted.) *Fuller v. Fuller*, 279 Ga. 805, 806 (621 SE2d 419) (2005). In this case, appellant has failed to show that the trial court's findings were clearly erroneous and has failed to demonstrate that the process by which the trial court arrived at its findings was fundamentally unfair. Accordingly, this enumerated error cannot be sustained.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

*Elizabeth V. Rogan*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Marc A. Mallon, Paige R. Whitaker, Arthur C. Walton*, Assistant District Attorneys, *Samuel S. Olens*, Attorney General, *Paula K. Smith*, Senior Assistant Attorney General, *Sara K. Sahni*, Assistant Attorney General, for appellee.