S11A0759. COLLINS v. THE STATE.
(715 SE2d 136)

BENHAM, Justice.

On December 1, 2006, while driving in his white Cadillac along a street in DeKalb County, appellant Leroy Collins shot into a green Chevrolet Monte Carlo and fatally injured Mitchell Smalls IV (hereinafter, the "victim") who was the passenger and three-year-old son of the Monte Carlo's driver Mitchell Smalls III (hereinafter, "Smalls").[1] Appellant and Smalls had been in business together and

---

[1] A DeKalb County grand jury indicted appellant on charges of malice murder, felony murder, aggravated assault (two counts), and possession of a firearm by a convicted felon. Appellant was tried before a jury from November 26 to November 30, 2007, and the jury returned a verdict of guilty on all charges. The trial court sentenced appellant to life for malice murder, 20 years consecutive for aggravated assault (of Smalls), and 15 years for possession of a firearm by a convicted felon. The charge of aggravated assault (of the victim) merged and the felony murder charge was vacated as a matter of law. Appellant filed a motion for new trial on December 27, 2007, and amended the motion on August 28, 2008. The trial court held the

had a dispute several months prior to the shooting. Appellant turned himself in to police on December 3, 2006, upon learning Smalls's child had been shot.[2] Eyewitnesses testified that they saw an arm from the white car reach out with a gun and shoot at the green car. Appellant testified at trial and conceded he shot at least six times at the green Monte Carlo in which the victim was a passenger, but contended he shot in self-defense because he alleged Smalls fired a shot at him first. The incident was captured on video by the dashboard camera of a passing motorist, and the video was played for the jury at trial.

1. The evidence as described above was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that reversible error occurred when he testified in his own defense at trial. Specifically, appellant objects to the following testimony elicited on cross-examination by the prosecutor:

Q. So your testimony today is you got the car fixed right after the shooting; is that correct?
A. Yes, ma'am.
Q. But you didn't get the driver's side mirror fixed, correct?
A. Yes, ma'am.
Q. And you didn't, when you turned yourself in on Sunday, December 3rd —
A. Yes, ma'am.
Q. — *you didn't, between that time period, at no point did you drive to the police station, say here is my car, here is my weapon. That guy was shooting at me. I'm sorry a child died, but it was in self-defense.*

At this point, appellant's counsel posited an objection and moved for a mistrial which the trial court denied. Appellant argues the trial court's ruling was in error because the prosecution impermissibly commented on appellant's pre-arrest silence.

Pursuant to Georgia law, a prosecutor may not comment on a defendant's pre-arrest silence even if the defendant has not received *Miranda* warnings, or if the defendant takes the witness stand at

motion for new trial hearing on May 7, 2010, and denied the motion on July 21, 2010. Appellant filed a timely notice of appeal, and the case was docketed to the April 2011 term of this Court and orally argued on May 11, 2011.

[2] The victim died from his gunshot wounds approximately a week after the shooting and after appellant turned himself in to authorities.

trial. *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009); *Mallory v. State*, 261 Ga. 625 (5) (409 SE2d 839) (1991), overruled on other grounds in *Chapel v. State*, 270 Ga. 151 (4) (510 SE2d 802) (1998). Therefore, in this case, appellant is correct that the question posed by the prosecutor about appellant's failure to talk to police between the time of the shooting and the time appellant turned himself in to authorities was improper. *Lampley v. State*, 284 Ga. 37 (2) (b) (663 SE2d 184) (2008). Unlike the State contends, appellant did not "open the door" to being questioned about his silence before turning himself in and being arrested. Appellant testified that he turned himself in because he saw on the news that the child had been shot. The prosecutor was free to cross-examine appellant on this rationale for turning himself in, i.e., the revelation about the injured child, and appellant's activities prior to turning himself in — i.e., having his car detailed for bullet holes, watching the news story about the shooting, and contacting his lawyer. However, posing a question that inquired of appellant as to why he did not turn himself in two days earlier and as to why he failed to tell the police he acted in self-defense has the effect of suggesting to the factfinder that if appellant truly acted in self-defense he would have presented himself to police immediately. This is the very type of questioning we ruled to be more prejudicial than probative in *Mallory v. State*, supra. Compare *Fullwood v. State*, 304 Ga. App. 341 (696 SE2d 367) (2010) (defendant "opened the door" to being cross-examined by the prosecutor on his pre-arrest silence when on direct examination defense counsel asked him whether he had ever gone to the police about his claim of self-defense). Therefore the above-referenced cross-examination was improper, and the trial court erred when it overruled appellant's objection.[3]

Despite the improper questioning by the prosecutor, reversal of the conviction is not warranted (*Wright v. State*, 275 Ga. 427 (2) (569 SE2d 537) (2002), overruled on other grounds in *Wilson v. State*, 277 Ga. 195 (2) (586 SE2d 669) (2003)), where there is overwhelming evidence of guilt or overwhelming evidence refuting the defendant's claim of self-defense. *Henry v. State*, 278 Ga. 554 (604 SE2d 469) (2004); *Barnes v. State*, 269 Ga. 345 (12) (496 SE2d 674) (1998). Based on the overwhelming evidence in this case, reversal is not warranted. Several eyewitnesses testified that they saw the person driving the white Cadillac extend his arm out of the window with a gun in hand, and shoot into the green Monte Carlo; although some

---

[3] While the trial court should have sustained appellant's objection, it had discretion not to grant appellant's motion for mistrial. *Brinson v. State*, 289 Ga. 551 (2) (713 SE2d 862) (2011); *Branchfield v. State*, 287 Ga. 869 (2) (700 SE2d 576) (2010).

witnesses expressed uncertainty whether gunshots came from the green Monte Carlo, no witness saw the driver of the green Monte Carlo with a gun and most mentioned shots being fired from the white car first; appellant conceded that he was driving around with a loaded gun on the day in question; and appellant admitted he brought his car to a stop and shot at least six times into Smalls's car. In addition to all the other evidence presented, the jury was able to watch the event which was recorded by the dashboard camera of a passing motorist. While the prosecutor's question about appellant's pre-arrest silence was improper, in light of the overwhelming evidence, there was no reversible error. Id. The trial court's denial of the motion for new trial is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 12, 2011.

Leroy Collins, *pro se.*

*Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Sheila E. Gallow, Assistant Attorney General,* for appellee.