## S12A2073. McCOY v. THE STATE.

(736 SE2d 425)

THOMPSON, Presiding Justice.

Appellant Nicholas McCoy was convicted of malice murder and possession of a firearm during the commission of a felony in connection with the shooting death of Christopher Duhart.[1] He appeals, asserting the trial court erred in (1) failing to suppress a videotaped statement he made to police in the course of a custodial interrogation and (2) refusing to grant a mistrial when a detective testified appellant was videotaped selling drugs at the scene of the crime. Finding no error, we affirm.

1. A security guard at an apartment complex which bordered a high-crime, drug-infested area, spoke briefly with the victim, a drug addict, on the night in question. Fifteen or twenty minutes later, the guard heard two gunshots and went to the front of the complex. There, the guard saw appellant, whom he knew and saw "hanging around" almost every day, shoot the victim several times. The guard shouted at appellant and called him by name; appellant ran and the guard chased him, but was unable to catch him. Witnesses saw appellant and the victim arguing minutes before the shooting; one saw appellant shoot the victim as "he started to walk off." The victim died as a result of a gunshot wound to the chest. Several days later, appellant telephoned the security guard and told him that he "did something wrong." The evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts a statement he gave to police during a videotaped interview should have been suppressed because he was under arrest when the statement was made.[2] However, following a *Jackson-Denno* hearing, the trial court found that, whether he was under arrest or not, appellant made the statement voluntarily because

---

[1] The crimes were committed on July 31, 2007. Appellant was indicted on January 15, 2008, and charged with malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a felony. Trial commenced on June 7, 2010, and the jury returned its verdict on June 15 finding appellant guilty on all counts. The trial court sentenced appellant the same day to life in prison for malice murder and five years for possession of a firearm. The remaining counts of the indictment were merged and vacated. Appellant's timely filed motion for a new trial was denied on December 28, 2011, and appellant filed a notice of appeal on December 30. The appeal was docketed in this Court for the September 2012 term and submitted for a decision on the briefs.

[2] The interview took place at a police station. Police informed appellant he would be free to leave once he made a statement and, in fact, police drove him home after the interview. The trial court determined that appellant was not under arrest when he made the statement.

he made it after he was advised of, and waived, his *Miranda* rights.[3] Our review of the record supports the trial court's determination. See generally *Vergara v. State*, 283 Ga. 175, 176-177 (657 SE2d 863) (2008) (in determining admissibility of defendant's statement, we accept trial court's findings on disputed facts and credibility unless clearly erroneous, but independently apply law to the facts). At the start of the interview, appellant — who had a ninth grade education, was studying for the GED, and could read and write — read and signed a form in which he acknowledged he was advised of his *Miranda* rights. Moreover, appellant admitted at the *Jackson-Denno* hearing that he gave the statement after he was given *Miranda* warnings; and he presented no evidence that the statement was made under duress or coercion. It follows that appellant's statement to police was made voluntarily and the trial court did not err in failing to suppress it.

3. Appellant asserts the trial court erred in denying a motion for mistrial when a detective testified one of the security guards at the apartment complex told him he videotaped appellant selling drugs. However, although it denied appellant's motion for mistrial, the trial court gave a curative instruction to the jury[4] and appellant did not renew his mistrial motion, object to the curative instruction, or seek further relief. Accordingly, this issue was not preserved for appellate review. See *Pearson v. State*, 277 Ga. 813, 815-816 (596 SE2d 582) (2004).

Even if this issue had been preserved, we would find no error. There was abundant evidence showing that drugs were sold constantly in front of the apartment complex; that appellant frequented the area; and that appellant, the victim and others were arguing about their respective rights to sell drugs in the area when appellant shot the victim. In light of this evidence and the trial court's curative instruction, it cannot be said the trial court abused its discretion in denying the motion for mistrial. *Brinson v. State*, 289 Ga. 551 (2) (713 SE2d 862) (2011) (whether to declare mistrial is in discretion of trial court and will not be disturbed on appeal unless it is "essential to the preservation of the right to a fair trial"). See also *Rafi v. State*, 289 Ga. 716, 720 (4) (715 SE2d 113) (2011) (no error in denying motion for mistrial when trial court gave curative instruction after witness referred to defendant as a drug dealer); *Childs v. State*, 287 Ga. 488, 492 (4) (696 SE2d 670) (2010) (trial court did not abuse its discretion

---

[3] *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[4] The jury was instructed to disregard the detective's statement.

in denying motion for mistrial when it gave curative instruction to disregard testimony that defendant gave drugs to witness).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*John D. Rasnick*, for appellant.

*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Paige Reese Whitaker, Assistant District Attorneys, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.