302 Ga. 699
FINAL COPY

S17A1490.  SMITH v. THE STATE.

HUNSTEIN, Justice.

Appellant Orlando Smith was convicted of felony murder and related offenses in connection with the May 2010 shooting death of Demetra Smith.[1] On appeal, Appellant claims that the evidence was insufficient to support his

---

[1] In August 2010, a Fulton County grand jury indicted Appellant for malice murder (Count 1), felony murder predicated on aggravated assault (Count 2), felony murder predicated on possession of a firearm by a convicted felon (Count 3), aggravated assault (Count 4), possession of a firearm during the commission of a crime (Count 5), and possession of a firearm by a convicted felon (Count 6). Following a trial held from October 17-21, 2011, a jury acquitted Appellant of malice murder and aggravated assault, but found him guilty of all remaining counts. The trial court initially sentenced Appellant to life in prison on both felony murder counts and five years consecutive for both weapons charges.

Appellant filed a motion for new trial on November 18, 2011, which was amended through new counsel on August 4, 2015, and March 22, 2016. Initially, the trial court denied the motion as amended in an order dated April 25, 2016. However, the trial court subsequently determined that Appellant's sentence was improper and granted Appellant's motion for new trial in part. On September 13, 2016, the trial court amended Appellant's sentence to life for felony murder predicated on possession of a firearm by a convicted felon (Count 3) and five years consecutive for possession of a firearm during the commission of a crime (Count 5). The remaining charges were either merged or vacated by operation of law. Appellant timely filed a notice of appeal to this Court. The case was docketed to the August 2017 term of this Court, and oral argument was heard on October 3, 2017.

convictions. Appellant also contends that the trial court erred by: failing to suppress illegally obtained evidence; denying his motion for a mistrial; and allowing inadmissible hearsay pursuant to the necessity exception. Finding no error, we affirm.

1. Viewed in a light most favorable to the jury's verdict, the evidence adduced at trial established that, three months prior to her death, Demetra Smith married Appellant. The two had a volatile history that included verbal and physical assaults. At trial, the State introduced evidence of numerous incidents between the pair through many of the victim's close friends, and also of the victim's intention to leave Appellant the day before she was murdered.

On May 24, 2010, at approximately 6:30 p.m., the Smiths were seen at their shared apartment. At 1:40 a.m. on May 25, law enforcement responded to a home security alarm at the Smiths' residence. Appellant was not at the apartment as he had, admittedly, left for his daughter's house by that time. Upon their arrival, the police saw no signs of forced entry into the Smiths' apartment; consequently, they did not enter the residence.

Appellant and his daughter returned to the apartment later in the morning on May 25. When they entered, they found Demetra unresponsive with a single

gunshot wound to the back of her head. During their investigation, law enforcement found two bloody wedding rings on the kitchen sink next to a wash rag that was also covered in blood. Appellant told police that he had been with his daughter since 5:00 p.m. on May 24. At first, Appellant's daughter corroborated this story. However, she eventually admitted that she had lied, telling officers that Appellant arrived at her house around 2:00 a.m. on May 25. Phone records introduced at trial confirmed that Appellant was at or near his apartment between 5:00 p.m. on May 24 and 1:30 a.m. on May 25.

Upon his arrival at his daughter's home, Appellant took a shower, changed his clothes, and was generally acting nervous. Appellant requested that his daughter tell anyone who asked that he had been with her since 5:00 p.m. the prior evening. According to Appellant's daughter, her father had her throw a bag of clothes out the car window on their way back to the Smiths' residence. She led police to the bag of clothing and identified the clothes inside as the same that her father was wearing when he first arrived at her house. Testing of this clothing revealed both the presence of gun powder and of Demetra's DNA.

Ballistics testing revealed that Demetra was shot at close range with either a Beretta or a Taurus pistol. Though Demetra owned a .40 caliber Taurus pistol,

no weapon was located at the crime scene, and her pistol was never recovered. At trial, the State introduced photographs that were taken six months prior to Demetra's death showing Appellant holding a pistol that matched the description of his wife's gun. The parties stipulated that Appellant was a convicted felon at the time of his wife's murder.

We conclude that this evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Appellant was guilty of the crimes for which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2.    Next, Appellant argues that the trial court erred by admitting the bloody wedding rings and the photographs of him holding a gun because, he claims, they were seized pursuant to a deficient search warrant in violation of his Fourth Amendment rights.

In order for Appellant to have preserved this issue for review, he had to have obtained a ruling from the trial court on his motion to suppress. See Higuera-Hernandez v. State, 289 Ga. 553, 555 (714 SE2d 236) (2011) ("Standard practice in Georgia has long required a party to make and obtain a ruling on an objection to evidence in the trial court, before or as the evidence is

admitted, in order to preserve the objection for appeal, and standard practice also allows parties to raise on appeal only the same objections that were properly preserved below.") (citation and punctuation omitted). Instead, the trial court reserved ruling on Appellant's motion at the pre-trial hearing and did not enter an order at a later date. Appellant did not object to the introduction of the wedding rings at trial; although he did object to the introduction of the photographs, he did not object to the admission of the evidence based upon Fourth Amendment grounds. Because Appellant did not obtain a ruling on his pre-trial motion to suppress the evidence and did not object to the admission of the evidence at trial, he has not preserved this issue for appellate review. See McClendon v. State, 299 Ga. 611, 616 (4) (A) (791 SE2d 69) (2016).

3. Prior to trial, the court instructed the parties and witnesses not to reference Appellant's alleged drug dealing. During the State's case-in-chief, the following exchange occurred while lay witness Ali Hassan was on direct examination:

Q: What did [the victim] say — why was she not happy?

A: I don't know what — they have some kind of dispute on the relationship and the work . . . and I heard about him doing, [Appellant] doing the drugs, selling the drugs.

5

Appellant objected and moved for a mistrial, arguing that the State improperly introduced evidence of his bad character without the defense first opening the door to allow such evidence. The trial court denied the motion and instructed the jury as follows:

> All right. Ladies and gentlemen, right before you left, something happened. This witness blurted out a statement about drugs and the defendant. There is no evidence whatsoever in this case about any of that. This came out of the total blue, and, you know, it is very detrimental to the defendant to have that said. But there is no evidence in this case whatsoever about the defendant being involved in drugs, dealing drugs, and I don't know where that came from. I just sort of felt like I got hit by a baseball bat when I heard that because it was inappropriate, totally inappropriate, and I'm instructing you that there is no evidence in this case about the defendant and drugs; and I'm instructing you to disregard that statement entirely so we can proceed with this trial. And if you can't set that aside, I need for you to raise your hand right now. That is not part of this case. Should not be considered in any way part of this case. Is there anybody that can't follow that instruction? Okay. There is no response.

Appellant alleges that the trial court's failure to grant his motion for mistrial was erroneous. We disagree.

As a general rule,

> [a] trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including the

6

nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety.

(Citation and punctuation omitted.) Graves v. State, 298 Ga. 551, 555 (783 SE2d 891) (2016). The trial court's discretion will not be disturbed on appeal "unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial." (Citations and punctuation omitted.) Rafi v. State, 289 Ga. 716, 720 (715 SE2d 113) (2011).

As an initial matter, because Appellant failed to renew his motion for mistrial after the trial court denied it and then took other corrective action, this argument is waived. Graves, 298 Ga. at 555. Even if the issue was preserved, the trial court did not abuse its discretion in denying the motion for mistrial as the trial court's thorough curative instruction was sufficient to counter any alleged harm caused by the witness's brief statement.

4. Finally, the trial court did not err in admitting hearsay statements pursuant to the necessity exception. At a pre-trial hearing, the State adduced evidence from six lay witnesses — Ali Hassan, Alphonso Ross, Kristian Harbor, Mildred Smith, Fran Cooper, and Tilishia Johnson — regarding numerous prior statements made by the victim concerning her violent and tumultuous

7

relationship with Appellant. The trial court ruled the hearsay testimony admissible, which Appellant contends was error.

> Our old Evidence Code provided
>
> three basic requirements for the admission of hearsay under the necessity exception: (1) the declarant of the statement is "unavailable," (2) the declarant's statement "is relevant to a material fact and . . . more probative on that material fact than other evidence that may be procured and offered," and (3) the statement exhibits specific indicia of reliability.

(Citations and punctuation omitted.) Mills v. State, 287 Ga. 828, 831 (700 SE2d 544) (2010). Appellant does not claim that the first two prongs are not met. Instead, he contends that the victim's statements did not exhibit sufficient indicia of reliability because the victim was having an affair with Ali Hassan and Alphonso Ross at the time she described Appellant's volatility to them, and because the witnesses' collective testimony of the victim's reports of violence were inconsistent. We find no error.

"A married person's complaints about that person's spouse, made to one with whom the married person is conducting an adulterous affair, are subject to the possibility of exaggeration if not outright falsehood." Carr v. State, 267 Ga. 701, 705-706 (482 SE2d 314) (1997), overruled on other grounds, Clark v.

State, 271 Ga. 6, 10 (515 SE2d 155) (1999). This is because "the need to justify the act of adultery might well lead to untruthfulness." Carr, 267 Ga. at 706. However, the record is devoid of any evidence that the victim was having an affair with either Hassan or Ross at the time she disclosed Appellant's violence toward her.

Even if the trial court did err in admitting the testimony of Hassan and Ross, the error was harmless due to the strength of the other evidence presented. It is therefore highly improbable that the alleged error contributed to the verdict. See Mills, 287 Ga. at 831.

We are also not swayed by Appellant's concern that the witnesses provided inconsistent testimony regarding the victim's allegations of physical and verbal abuse, thus rendering the hearsay inadmissible. Appellant has cherry-picked excerpts of witness testimony from the record in an attempt to establish their alleged inconsistencies; however, the test for trustworthiness considers the totality of the circumstances under which the statements were made. Gibson v. State, 290 Ga. 6 (3) (717 SE2d 447) (2011). "Whether a statement is trustworthy is a matter for the trial court's discretion, and the

9

exercise of such discretion will not be overturned absent an abuse of discretion."

Id.

Reviewing the record as a whole, the record shows the victim made these statements to her close friends and confidants, and that the statements were consistent in her overall message that Appellant was violent, abusive, and controlling, and that she had planned to leave him prior to her death. Appellant's choice snippets of the record are inconsequential to our analysis. See Yancey v. State, 275 Ga. 550 (2) (c) (570 SE2d 269) (2002) (although courts have sometimes relied on corroborating evidence as indicia of reliability, existence of corroborating evidence is more properly considered in deciding whether error in admitting statement was harmless). Based on the foregoing, we conclude that the trial court did not abuse its discretion by admitting the testimony of these six witnesses pursuant to the necessity exception.

Judgment affirmed.  All the Justices concur.

Decided December 11, 2017.

Murder. Fulton Superior Court. Before Judge Baxter.

Jessica A. Seares, Nazish A. Ahmed, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Joshua D. Morrison, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, S. Taylor Johnston, Assistant Attorneys General, for appellee.