**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 8, 2018**

# In the Court of Appeals of Georgia

A17A2096. THE STATE v. ORR.

BRANCH, Judge.

Following a jury trial in Floyd County Superior Court, Otto Orr was convicted of a single count each of family violence battery and cruelty to children in the third degree. Orr filed a motion for a new trial asserting, inter alia, that the trial court erred when it failed to declare a mistrial after the State impermissibly commented on Orr's pre-arrest silence. After a hearing, the trial court granted Orr's motion. The State now appeals from that order, arguing that in light of Georgia's new Evidence Code, the law relied on by the lower court is no longer valid. We find no error and affirm.

On appeal from the grant or denial of a motion for a new trial, we employ two different standards of review:

We review de novo the trial court's decision as to any questions of law, while applying the clearly erroneous standard of review to any factual findings made by that court. . . . Thus, we will uphold the trial court's factual findings if there is any evidence to support them, and we defer to the trial court's credibility determinations.

*Wedel v. State*, 328 Ga. App. 28, 28 (761 SE2d 454) (2014) (citations omitted).

The facts relevant to this appeal are undisputed and show that the charges against Orr arose out of a physical altercation between Orr and his wife, which took place in the presence of their infant child. At trial, Orr claimed he acted in self-defense, testifying that on the night in question, he was talking on the phone with his sister, but his wife assumed he was on the phone with "another woman." Acting on this assumption, his wife hit Orr on the head with a glass ashtray, splitting his skin and causing significant bleeding. Orr responded by striking his wife with his closed fist, but he claimed that he only struck his wife one time. On cross-examination, Orr acknowledged that he had never contacted police to report this alleged assault by his wife nor had he told anyone in law enforcement prior to trial about his wife's role in the couple's altercation.

Orr also presented the testimony of his sister and his cousin. Orr's sister stated that she was talking on the telephone with Orr on the night in question when she

2

suddenly heard screaming and yelling. When Orr returned to the conversation, he reported that his wife had hit him in the head with an ashtray. When the sister saw Orr later that night, she observed that he had a gash on his head. On cross-examination, the sister acknowledged that Orr did not report the incident to the police, although she encouraged him to do so.

Orr's cousin offered similar testimony, stating that she had seen Orr at his mother's home late on the night in question and saw that he had a "goose egg" on his head where the skin was split and bleeding. In response to questions from the prosecutor on cross-examination, the cousin acknowledged that Orr did not report his wife's conduct to police or take a picture of his wound, explaining that Orr did not want his wife to get in trouble.

During her closing argument, the prosecutor stated:

[Orr] wants to now claim self-defense. I find that particularly convenient. He never told the story [of his wife's attack on him] to the police, never once said: . . . I'm the victim here. She came at me with an ashtray. I submit to you this is something [Orr] made up because he has an interest in the outcome of this case.

3

Immediately following these statements, defense counsel moved for a mistrial on the ground that the State's argument constituted an impermissible comment on Orr's right to remain silent. The trial court denied the motion, and the jury found Orr guilty on both counts of the indictment. After entering judgment on the jury's verdict, however, the trial court granted Orr's motion for a new trial, concluding that it had erred in denying the motion for a mistrial. This appeal followed.

In granting Orr a new trial, the lower court relied on *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (515 SE2d 155) (1999), and its progeny. *Mallory* held that in criminal cases, the State could not comment upon a defendant's silence or failure to come forward "even where the defendant has not received Miranda warnings and where he takes the stand in his own defense." 261 Ga. at 630 (5). In reaching this conclusion, the Court recognized that evidence of a defendant's silence was not prohibited by federal constitutional law. Id. at 629-630 (5). The Court also acknowledged that a party's silence normally would constitute an admission against interest under former OCGA § 24-3-36.[1] The *Mallory* Court concluded, however, "that in criminal cases, a

---

[1] Former OCGA § 24-3-36 defined "admission" to include "[a]cquiescence or silence, when the circumstances require an answer, a denial, or other conduct . . . ."

comment upon a defendant's silence or failure to come forward is far more prejudicial than probative. Accordingly, from the date of publication of this opinion . . . such a comment will not be allowed." 261 Ga. at 630 (5).

Relying on *Mallory* and its progeny, the Georgia Supreme Court has explained that there is "a bright-line rule in Georgia that the State may not comment on either a defendant's silence prior to arrest or failure to come forward voluntarily." *Sanders v. State*, 290 Ga. 637, 640 (4) (723 SE2d 436) (2012). See also *Reynolds v. State*, 285 Ga. 70, 71 (673 SE2d 854) (2009) (the State is strictly prohibited from commenting upon a defendant's silence because "in the situation of a criminal defendant, this failure to speak or act will most often be judged as evidence of the admission of criminal responsibility"); *Collins v. State*, 289 Ga. 666, 667-668 (1) (715 SE2d 136) (2011). And in *Jarrett v. State*, 265 Ga. 28 (453 SE2d 461) (1995), the Supreme Court extended *Mallory* and held that "a witness in a *criminal* trial may not testify as to a declarant's statements based on the acquiescence or silence of the accused." 265 Ga. at 29 (1) (emphasis in original).

The Georgia Supreme Court subsequently held, however, that not every violation of the *Mallory* rule would entitle a defendant to a new trial. Specifically, no new trial is required if the error was "harmless beyond a reasonable doubt." *Allen v.*

5

*State*, 272 Ga. 513, 515 (5) (530 SE2d 186) (2000). "The determination of harmless error must be made on a case-by-case basis, taking into consideration the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt." Id. at 515-516 (5) (citation and punctuation omitted). As this Court has explained:

> When determining whether the State's unchallenged comments or questions about a defendant's right to remain silent prejudice that defendant, we consider a number of factors. These include whether the error was an isolated incident, or instead consisted of several questions or comments, and whether the error was inadvertent, rather than a deliberate attempt by the State to use the defendant's silence against him. We also examine the 'trial context' of the error, and take a particularly dim view of the State's conduct in arguing during closing that evidence of the defendant's silence should be viewed as evidence of his guilt. Finally, we analyze whether, in light of the evidence presented, there was a possibility that the State's improper comments contributed to the guilty verdict. In other words, we examine whether the evidence of the defendant's guilt was overwhelming or whether the evidence was conflicting.

*Scott v. State*, 305 Ga. App. 710, 717 (2) (a) (700 SE2d 694) (2010) (citations omitted).

6

Here, the trial court found that it had erred in denying Orr's motion for a mistrial without determining whether the prosecutor's closing argument and the State's elicitation of testimony relating to Orr's failure to come forward were harmful to Orr. After applying that analysis, the lower court concluded that the State's conduct was "not harmless beyond a reasonable doubt" because "a reasonable possibility exists that [the prosecutor's] comments influenced the jury's decision." The court therefore found that Orr was entitled to a new trial.

The State challenges this ruling, pointing out that since the enactment of Georgia's new Evidence Code, the Supreme Court of Georgia has called into question the continuing validity of the bright-line rule established in *Mallory*. In doing so, the Supreme Court has indicated that a defendant's pre-arrest silence or failure to come forward may be admissible in some cases. Explaining "that *Mallory* was decided not on constitutional grounds but rather based on former OCGA § 24-3-36," the Supreme Court has repeatedly stated that "[w]e express no opinion about the continuing validity of *Mallory* under the new Evidence Code." *State v. Sims*, 296 Ga. 465, 471 (3) (769 SE2d 62) (2015). See also *Kennebrew v. State*, 299 Ga. 864, 872, n. 4 (792 SE2d 695) (2016); *Seabolt v. Norris*, 298 Ga. 583, 587 (3), n. 3 (783 SE2d 913) (2016); *Wilson v. State*, 295 Ga. 84, 88 (3), n. 6 (757 SE2d 825) (2014); *Romer v.*

*State*, 293 Ga. 339, 343 (2) n. 4 (745 SE2d 637) (2013); *Yancey v. State*, 292 Ga. 812, 817 (2), n. 9 (740 SE2d 628) (2013). Additionally, in *Simmons v. State*, 299 Ga. 370 (788 SE2d 494) (2016), the Supreme Court of Georgia held that a violation of the *Mallory* rule could not be considered plain error because it was no longer clear that *Mallory* constituted valid law. Id. at 374 (2) ("[A]n error is plain if it is clear or obvious under current law. An error cannot be plain for there is no controlling authority on point.") (citation and punctuation omitted).

Relying on this line of cases, the State argues that the trial court was no longer bound by *Mallory*. The State further contends that under OCGA § 24-8-801[2] and relevant federal precedent, evidence of a defendant's pre-arrest silence may be admissible. See *Jenkins*, 447 U. S. at 240. Thus, the State asserts that in deciding the motion for a new trial, the lower court should have analyzed whether the evidence at

---

[2] OCGA § 24-8-801 defines a statement to include "[n]onverbal conduct of a person, if it is intended by the person as an assertion." OCGA § 24-8-801 (a) (2). It further provides that an admission by a party-opponent includes: "(A) The party's own statement, in either an individual or representative capacity; [and] (B) A statement of which the party has manifested an adoption or belief in its truth[.]" OCGA § 24-8-801 (d) (2).

issue was admissible under OCGA § 24-4-403[3] as being more probative than prejudicial.

What the State's argument fails to acknowledge, however, is that although *Mallory* has been called into question, it has never been overruled. And in the absence of a decision from our Supreme Court expressly overruling *Mallory*, this Court, like the trial court, remains bound by its holding. See *Chin Pak v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 317 Ga. App. 486, 488 (731 SE2d 384) (2012) ("this Court has no authority to overrule or modify a decision made by the Supreme Court of Georgia, as 'the decisions of the Supreme Court shall bind all other courts as precedents'"), quoting Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI. See also *Cargile v. State*, 194 Ga. 20, 22 (1) (20 SE2d 416) (1942) (the constitutional provision that decisions of Supreme Court shall bind the Court of Appeals as precedents is applicable in all cases). Accordingly, the trial court did not err when it applied *Mallory* and its progeny to decide Orr's motion for a new trial.[4]

---

[3] OCGA § 24-4-403 provides: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[4] The State has not challenged the trial court's factual conclusions that the prosecution violated the bright-line rule established by *Mallory* and that Orr suffered prejudice as a result.

See *Tran v. State*, 340 Ga. App. 546, 553 (2) (c), n. 7 (798 SE2d 71) (2017) ("we continue to follow the precedent established by the Supreme Court of Georgia" on the admissibility of a defendant's pre-arrest silence or failure to come forward). We therefore affirm the trial court's order.

*Judgment affirmed. McFadden, P. J. concurs, and Bethel, J., concurs specially.**

*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).

A17A2096. THE STATE v. ORR.

BETHEL, Judge, concurring specially.

I agree with the majority that the *Mallory*[1] rule applies and controls in this case. I write separately to emphasize my belief that *Mallory* is based neither on constitutional nor statutory interpretation. Rather, I read the rule announced in *Mallory* to be a court made law.[2] If I agreed with the Supreme Court that *Mallory* was

---

[1]*Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (515 SE2d 155) (1999).

[2]In *Mallory*, after finding no U. S. constitutional prohibition implicated by the facts before it, our Supreme Court noted that "each jurisdiction remains free to formulate" it own rules pursuant to *Jenkins v. Anderson*, 447 U. S. 231, 240 (100 SCt 2124) (1980). The Supreme Court then referenced former OCGA § 24-3-36 (a rule of *inclusion*) before announcing a rule of exclusion that involved no analysis or explication related to the statute. Of course, the rule announced in *Mallory* can find support in our state constitution (e.g. Ga. Const. of 1983, Art. I, Sec I, Par. XVI), and in other former and current provisions of our evidence code. I am not persuaded, however, that the rule is dependent on former OCGA § 24-3-36.

"based on former OCGA § 24-3-36,"[3] I would find it necessary to evaluate whether the adoption of the new evidence code abrogated the holding therein. Given the dramatic differences in the language of the new code and the fact that the new language tracks so closely with federal law, a persuasive argument could be made for abrogation by legislative act. Since, however, the *Mallory* rule was not a product of an interpretation of former OCGA § 24-3-36, no such analysis is required or appropriate and we remain bound by it until further direction from the Supreme Court.

---

[3] *State v. Sims*, 296 Ga. 465, 471 (3) (769 SE2d 62) (2015).

2