**FIFTH DIVISION**
**McFADDEN, C. J.,**
**GOBEIL and COOMER, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**July 23, 2019**

# In the Court of Appeals of Georgia

A17A2096. THE STATE v. ORR.

GOBEIL, Judge.

Following his conviction for family violence battery and cruelty to children in the third degree, Otto Orr filed a motion for a new trial, asserting, inter alia, that the trial court erred when it failed to declare a mistrial after the State impermissibly commented on Orr's pre-arrest silence. The trial court granted Orr's motion, finding that the exclusionary rule articulated by the Supreme Court of Georgia in *Mallory v. State*,[1] 261 Ga. 625 (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (515 SE2d 155) (1999), required that Orr receive a new trial. The State appealed, arguing that in light of Georgia's new Evidence Code, *Mallory*

---

[1] Under that rule, the State was strictly prohibited from commenting on either a defendant's pre-arrest silence or the defendant's failure to come forward to police voluntarily. *Mallory*, 261 Ga. at 630 (5).

and its progeny were no longer good law. We disagreed, noting that in the six years since the new Evidence Code went into effect, our Supreme Court expressly reserved, on at least seven separate occasions, the question of whether *Mallory* remained valid under the new statutory scheme. *State v. Orr*, 345 Ga. App. 74, 77-78 (812 SE2d 137) (2018) (*Orr I*) (citing cases). Accordingly, we affirmed the grant of Orr's new trial motion. Id. at 79.

The Supreme Court of Georgia granted the State's petition for certiorari and subsequently held that the exclusionary rule set forth in *Mallory* "was abrogated by the new Evidence Code." *State v. Orr*, ___ Ga. ___, ___ (3) (827 SE2d 892) (2019) (*Orr II*). The Supreme Court therefore vacated our opinion in *Orr I* and remanded the case to this Court for further proceedings consistent with *Orr II*. Accordingly, we now vacate our earlier decision and adopt the opinion of the Supreme Court as our own.

In accordance with the Supreme Court's direction, we vacate the order of the trial court and remand the case for further proceedings consistent with this opinion and the opinion of our Supreme Court in *Orr II*. Specifically, the trial court should determine: (1) whether evidence of Orr's failure to come forward in this case was admissible under Georgia's current rules of evidence, *Orr II*, ___ Ga. at ___ (4) (a);

and (2) even if otherwise properly admissible, that evidence should have been excluded "under the federal or state constitution, a statute, . . . one of the specific exclusionary rules in the new Evidence Code . . . [or] under the balancing test set forth in Rule 403." Id. at ___ (4) (b). The trial court should also consider the additional grounds for a new trial set forth in Orr's original and amended motions seeking the same. Id. at ___ (4) (c).

*Judgment vacated and case remanded with direction. McFadden, P. J., and Coomer, J., concur.*